In re Donald C. DENSMORE, Debtor.

**GEORGIA HIGHER EDUCATION ASSISTANCE CORPORATION, Plaintiff,**

v.

**Donald C. DENSMORE, Defendant.**

Bankruptcy No. 79–00136G.

Adv. No. 79–0013G.

United States Bankruptcy Court, N. D. Georgia, Gainesville Division.

Dec. 17, 1979.

Thomas P. Stamps, Macey & Zusmann, Atlanta, Ga., for plaintiff.

G. William Jessie, Sr., Dawsonville, Ga., for defendant.

## ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

This matter came before this Court for a hearing on Georgia Higher Education Assistance Corporation's Complaint and Application For Determination of Dischargeability of Plaintiff's Debt and For Relief From Automatic Stay. The Complaint concerned the dischargeability of an education loan pursuant to 11 U.S.C. § 523(a)(8). A Consolidated Pre-Trial Order was entered by the Court on May 15, 1980, providing that the sole issue for determination at trial was whether failure to discharge the student loan debt would create an undue hardship on the Defendant or his dependents. The issue was tried on October 31, 1980.

## FINDINGS OF FACT

1.

Defendant utilized the funds obtained from Plaintiff to attend Pickens Area Vocational Technical School in Jasper, Georgia, from which he obtained a certificate of completion in the course of brick and block masonry.

2.

Defendant has never been employed as a mason and is currently employed as a truck driver.

3.

Defendant estimates that his gross income for the past seven months was approximately $7,650.00, averaging approximately $1,100.00 per month.

4.

Defendant estimates a significant reduction in his monthly income for the next several months due to the seasonal nature of his employment.

5.

Defendant's monthly budget shows expenditures of $1,099.12 per month, including $351.00 per month payable on indebtedness which was reaffirmed by the Defendant in his bankruptcy proceeding. Of the indebtedness reaffirmed by the Defendant, monthly payments of $219.00 will terminate by October, 1981. An analysis of the budget and Defendant's testimony show that his income presently provides him with approximately $10.00 per week over and above his

fixed monthly expenditures. This is relatively small in amount, but in the absence of presently unforeseen circumstances, repayment of the debt reasonably can be expected to be made.

6.

Defendant's present net disposable income and the prospects of increased available monies beginning in October, 1981, are sufficient to allow Defendant to repay his education loan without undue hardship provided the periodic payments and the time allowed to repay the debt are reasonable to this anticipated financial ability to pay. The payment schedule herein required is deemed reasonable by the court and all parties at the hearing and should not be unduly difficult for debtor to pay on the due dates specified.

## CONCLUSIONS OF LAW

A review of 11 U.S.C. § 523(a)(8), its predecessor statute 20 U.S.C. § 1087-3, and the case law which has developed regarding these statutes reveal that the generally accepted standard for determining the question of undue hardship is whether there are present "such unique circumstances to render it less likely, or likely only with extreme difficulty, or unlikely at all, that the bankrupt will within the foreseeable future be able to honor his commitment." *In Re Kohn*, 5 BCD 419, 424 (S.D.N.Y.1979).

It is clear that there must be a showing of extraordinary circumstances before the Court may discharge a debtor of educational loans within the parameters of 11 U.S.C. § 523(a)(8). The Court finds that requiring this Debtor to repay this debt will constitute a hardship, perhaps considerable hardship[1], but will not place upon him or any of his dependents a hardship which is "undue" within the meaning of the Bankruptcy Code. The fact that the debtor made application to the Court at the post-Discharge/Reaffirmation hearing required under Section 524(d) of the Bankruptcy Code to approve, under Section 524(c), a reaffirmation agreement of two discharged debts, one secured by a truck and one secured by an automobile which the debtor needs in his work to provide for his family, required a finding that the reaffirmation agreements were (a) in the best interest of the debtor and the amount of the debt and the payment term and the periodic payments provided thereunder did not (b) constitute an "undue hardship" on the debtor or his family. The dates of payments of this educational debt were considered and coordinated in relation to the repayment schedule of the reaffirmed debts which are scheduled to be satisfied in 1982.

Therefore, it is hereby ORDERED and ADJUDGED that the debt in question is not discharged in Defendant's Chapter 7 case and Plaintiff shall have judgment in the amount of $742.32, consisting of $631.84 principal plus $110.48 interest, the amount of the indebtedness as of October 31, 1980.

It is FURTHER ORDERED that Defendant shall repay this indebtedness by payment of $200.00 on or before July 1, 1981, an additional $200.00 on or before July 1, 1982, and $35.00 per month, payable on or before the 1st day of each month commencing August 1, 1982. So long as Defendant makes payments as described above, Plaintiff is prohibited from enforcing the judgment entered in conjunction with this Order. Upon failure of Defendant to make any payment as provided herein, Plaintiff is hereby authorized to enforce the judgment in any manner provided by law.

[1] Some burden and hardship may be expected by the statute; it is the "undue", the unreasonable, unconscionable hardship which the debtor is not expected and required to bear.