**In the Matter of Francis G. FONZO, Bankrupt.**

**Bankruptcy No. 78 B 311.**

United States Bankruptcy Court, S. D. New York.

Dec. 26, 1979.

Lawrence W. O'Toole, Albany, N. Y., Van de Water & Van de Water, Poughkeepsie, N. Y., for plaintiff.

Finkelstein, Mauriello, Kaplan & Levine, P. C., Newburgh, N. Y., for defendant-bankrupt; by Michael O. Gittelsohn, Newburgh, N. Y., of counsel.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

This adversary proceeding was brought by the New York State Higher Education Services Corporation seeking a determination that $1,000 due from the bankrupt on a loan insured pursuant to the Education Amendments of 1976, 20 U.S.C. § 1001 et seq. (1978), is nondischargeable in bankruptcy under § 439A of the Higher Education Act of 1965, 20 U.S.C. § 1087–3. Although 20 U.S.C. § 1087–3 was repealed on November 6, 1978 [Pub.L. 95–598, Title III, § 317, 92 Stat. 2678] it applied to all petitions in bankruptcy filed after September 30, 1977 and before November 6, 1978. Hence, this court must apply the law as stated in 20 U.S.C. § 1087–3. That section provided:

"A debt which is a loan insured or guaranteed under the authority of this part may be released by a discharge in bankruptcy under the Bankruptcy Act only if such discharge is granted after the five-year period . . . beginning on the date of commencement of the repayment period of such loan, except that prior to the expiration of that five year period, such loan may be released only if the

court in which the proceeding is pending determines that payment from future income or other wealth will impose undue hardship on the debtor or his dependents."

20 U.S.C. § 1087–3(a). At trial the parties submitted an agreed statement of facts. The sole issue to be determined is whether the payment of the debt would impose an undue hardship on the bankrupt and his dependents.

## FACTS

1. Plaintiff is an educational corporation created by Article 14 of the New York Education Law and the successor in interest to the New York State Higher Education Assistant Corporation. One of its principal purposes is to guarantee the repayment of student loans to banks which participate in the guaranteed student loan program. Plaintiff takes part in a reinsurance program with the United States Office of Education.

2. On or about May 3, 1976 the bankrupt applied to the Manufacturers Hanover Trust Company for a guaranteed student loan so that he could attend Manhattan College.

3. The bankrupt subsequently received a student loan in the principal amount of $1,000 from Manufacturers Hanover.

4. On October 7, 1976 the bankrupt executed a promissory note to Manufacturers Hanover in the principal amount of $1,000.

5. Although the bankrupt withdrew from school in June, 1977 he is presently enrolled on a part-time basis and is pursuing a Bachelor of Science degree in Accounting.

6. The first installment payment on the loan was due in April, 1978. No payments were made by the bankrupt. On April 13, 1978 the plaintiff purchased the bankrupt's promissory note from Manufacturers Hanover.

7. On February 28, 1978 the bankrupt filed a voluntary petition in bankruptcy.

8. The bankrupt is employed by the New York City Police Department. His net pay each month is $1,010. He has no other sources of income.

9. The bankrupt is married and has four children, ages 1 through 14. The bankrupt's wife is not employed.

10. The bankrupt submitted a statement of monthly expenses which totalled $1250.63. This statement was not disputed by the plaintiff. The expenses were listed as follows:

| | | |
|---|---|---:|
| a. | Mortgage | $255.00 |
| b. | Telephone | 30.00 |
| c. | Gas and Electric | 130.00 |
| d. | Auto Loan | |
| | 1) No. 1 | 70.23 |
| | 2) No. 2 | 106.11 |
| e. | Home Improvement | 99.29 |
| f. | Household Finance | 73.00 |
| g. | Disaster Loan | 35.00 |
| h. | Water bill | 13.50 |
| i. | Garbage bill | 8.50 |
| j. | Sewer bill | 7.00 |
| k. | Cable Television | 8.00 |
| l. | Doctors' bills | 85.00 |
| m. | Food | 300.00 |
| n. | Tolls | 30.00 |
| | Total | $1250.63 |

11. Although the bankrupt failed to include an expense for automobile gasoline on his statement, the agreed statement of facts provides that the bankrupt's transportation costs for commuting to his job average $100 each month.

12. The agreed statement of facts also reveals that the bankrupt spends approximately $25 every month for clothing for himself and his dependents.

13. The bankrupt's expense statement indicates that payments on the mortgage, the disaster loan, the water bill, the garbage bill, and the plumbing bill are in arrears.

14. The loan from Household Finance was made to cover checks which had bounced because the income tax refunds against which they were drawn had to be turned over to an executing creditor.

15. The bankrupt's statement does not include expenses for recreation or everyday living.

16. The accounting courses which were taken as a result of the student loan do not appear to have improved the debtor's position in his present employment as a policeman. Moreover it does not appear that the debtor's earning capacity in the foreseeable future will be enhanced to any extent because of the educational value of these courses. Perhaps the debtor undertook the courses so as to acquire a knowledge of accounting for use upon his retirement from the police force in an effort to cushion and supplement his reduced post retirement income. Hence, the court does not find that the debtor benefitted financially from the education which the loan helped to finance.

17. It is apparent from the relatively modest $1000 student loan that the dominant purpose of the debtor's bankruptcy petition was not simply to discharge the student loan. Indeed, the debtor sought relief from all of his oppressive prepetition obligations.

18. Unfortunately for the debtor, the fresh start policy underlying the general discharge in bankruptcy has not offered him much solace. Indeed, he was obliged to obtain a loan from a finance company to cover checks issued in anticipation of an income tax refund which he did not enjoy.

19. It is evident that the debtor's future financial resources are insufficient to support the debtor and his dependents at a break-even income level.

20. Accordingly, I find that repayment of the student loan would impose an undue hardship on the debtor and his dependents.

## CONCLUSIONS OF LAW

1. The repayment of the student loan in question from the future income and assets of the debtor would impose an undue hardship on the debtor or his dependents within the meaning of 20 U.S.C. § 1087-3.

2. The debtor's student loan obligation in the amount of $1000. is dischargeable.

3. The complaint seeking a determination that the debtor's student loan obligation is nondischargeable is dismissed.