In re Lyman G. BELL, Debtor.

**GEORGIA HIGHER EDUCATION ASSISTANCE CORPORATION, Plaintiff,**

**v.**

**Lyman G. BELL, Defendant.**

**Bankruptcy No. 80–0070A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

Aug. 12, 1980.

Karen Fagin White, Macey & Zusmann, Thomas P. Stamps, Atlanta, Ga., for plaintiff.

Clyde W. Carver, Carver & Capo, Andrea J. Brownstein, Atlanta, Ga., for defendant.

## ORDER

W. H. DRAKE, Jr., Bankruptcy Judge.

On October 5, 1979, the above-referenced debtor filed a petition for relief under 11 U.S.C. Chapter 7. On January 28, 1980, the plaintiff herein filed a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(8). The defendant filed his answer on February 25, 1980 stating that the debt is dischargeable under the "undue hardship" exception of 11 U.S.C. § 523(a)(8)(B). On April 15, 1980, a trial was held on the matter in this Court. At that time the Court allowed the parties until May 15, 1980 to submit briefs and took the matter under advisement.

## FINDINGS OF FACT

### 1.

The debtor is employed in the career for which he was trained and his prospects are good.

### 2.

The debtor's disposable income will increase by $102.00 per month after he makes his one remaining car payment.

### 3.

The debtor has shown no exceptional circumstances indicating "undue hardship".

## CONCLUSIONS OF LAW

The problem before this Court is the construction of 11 U.S.C. § 523(a)(8) and the application of that section to the facts of this case. It states:

"A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) to a governmental unit, or a nonprofit institution of higher education, for an educational loan, unless—

(A) such loan first became due before five years before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8).

The legislative history to this section indicates that:

"Section 523(a)(8) represents a compromise between the House bill and the Senate amendment regarding educational loans. This provision is broader than current law which is limited to federally insured loans. Only educational loans owing to a governmental unit or nonprofit institution of higher education are made nondischargeable under this paragraph." 124 Cong.Rec. H 11,095–6 (Sept. 28, 1978); S 17,412–13 (Oct. 6, 1978).

This legislative history is valuable in determining the scope of the section but is of little assistance in determining the underlying rationale of the exception to discharge for the purpose of applying it to facts clearly within its scope. The facts of this case undeniably fall within the scope of the section, i. e., this is an educational loan owed to a governmental unit. But the question remains whether the facts lie more nearly within the rationale of the general rule or that of the "undue hardship" exception. While the legislative history of 11 U.S.C. § 523(a)(8) does not refer to the rationale underlying the section, the Senate Report indicates an intent to follow prior law.

"Paragraph (8) follows generally current law and excepts from discharge student loans until such loans have been due and owing for five years." Senate Report No. 95–989, 95th Cong., 2nd Sess. (1978) 79, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5865.

The law to which the Senate Report refers is 20 U.S.C. § 1087–3. The purpose of this law is explained as follows:

"The amendment was adopted in the light of testimony that the bankruptcy rate involving student loans has increased significantly in the last several years and that in some areas of the country students are being counselled on filing for bankruptcy to discharge their obligations to repay guaranteed student loans. The Committee notes that in most circumstances a student may leave school with several thousand dollars in student loans and no assets, thereby making the student technically eligible to declare bankruptcy. The amendment, by waiting five years, would offer a more realistic view on the student's ability to repay a student loan." H.R.Rep. No. 1232, 94th Cong., 2nd Sess. (1976) 13–14.

This indicates that the primary purpose behind the enactment of 28 U.S.C. § 1087–3 was to prevent a specific perceived abuse, i. e., the filing of bankruptcy shortly after graduation for the primary purpose of discharging student loans. Congress apparently felt that any bankruptcy filed within five years after graduation had the earmarks of such an abuse.

It is interesting to note that no provision was made for rebuttal of the presumption that any bankruptcy filed within five years of graduation is filed for the primary purpose of discharging a student loan.[1] However, provision was made for exceptions to nondischargeability to prevent "undue hardship". How to determine whether the facts of a particular case fit within the rationale of this exception has been stated as follows:

"In order to determine whether nondischargeability of the debt will impose an 'undue hardship' on the debtor, the rate and amount of his future resources should be estimated reasonably in terms of ability to obtain, retain and continue employment and the rate of pay that can be expected. Any unearned income or other wealth which the debtor can be expected to receive should also be taken into account. The total amount of income, its reliability, and the periodicity of its receipt should be adequate to maintain the debtor and his dependents at a minimal standard of living within their management capability, as well as to pay the educational debt." *Communication from the Executive Director, Commission on the Bankruptcy Laws of the United States*, H.R. Doc. No. 93–137, 93d Cong., 1st Sess., Pt. II (1973) 140–41, n. 17; *see also In re Bagley*, 4 B.R. 248, 6 BCD 404, 405 (D.Ariz.1980) (Scanland, B. J.).

The evidence in this case indicates that the debtor has permanent employment in the field of endeavor for which he was trained. It further shows that his skills are in demand. This indicates to the Court a reasonable probability that the debtor's income will increase in the future and will be reliable. While the debtor's budget will undoubtedly be tight for the foreseeable future, that is a common rather than an undue hardship.

Furthermore, the debtor, unlike the debtors in the case he cites, can point to no factors which indicate that his plight differs "unduly" from that of the vast majority of persons who seek relief in this Court. *See, e. g., In the Matter of Fonzo, supra.*

The Court finds that the facts of this case indicate no undue hardship and that the debt in question falls within the general rule rather than the exception.

Therefore, it is hereby ORDERED and ADJUDGED that the plaintiff's complaint shall be and is granted and the debt in question is not dischargeable in bankruptcy.

---

[1]. At least one court has listened to arguments attempting to rebut this presumption. *In the* *Matter of Fonzo*, 1 B.R. 722, 5 BCD 1174 (S.D. N.Y.1979) (Schwartzberg, B. J.).