**In re Paul Bernard BIRDEN, Debtor.**

**PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, Plaintiff,**

v.

**Paul Bernard BIRDEN, Defendant.**

Bankruptcy No. 81–00785K.
Adv. No. 81–1049K.

United States Bankruptcy Court, E. D. Pennsylvania.

March 3, 1982.

**892**

Paul Bernard Birden, pro se.

James J. O'Connell, Philadelphia, Pa., Trustee.

Jane G. Penny, Harrisburg, Pa., for plaintiff PHEAA.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case comes before the Court on a complaint filed by the Pennsylvania Higher

Education Assistance Agency to determine the dischargeability of a debt arising from the debtor's student loans. The debtor asserts that excepting this debt from discharge would impose an undue hardship on him. He requests that this loan obligation be discharged. The Court finds for the debtor, and will enter an order directing that these loans be discharged.[1]

The debtor attended the University of Pennsylvania, where he attained his undergraduate degree. Shortly thereafter, the debtor enrolled in the Columbia School of Law in New York. In May of 1979, the debtor graduated from Columbia and embarked on a seemingly promising career with a major New York City bank. The debtor compiled a total of $14,424.10 in student loans during his career in institutions of higher learning.

After his graduation from law school, the debtor commenced employment as a commercial bank trainee at the Banker's Trust Company of New York. About this time, the debtor became mired in serious personal and marital difficulties. The debtor was forced from his home by his wife, and later sued for non-support of his children. These problems in his personal life had deleterious effect on his job performance and the debtor was forced to resign from his position at Banker's Trust.

The debtor moved to Philadelphia to reside with relatives. Meanwhile, back in New York, the Family Court entered an Order directing him to pay $150.00 per week to his spouse for the maintenance and support of his two (2) children. The debtor has been unable to make payments on either his student loan or his support obligations. Despite strenuous efforts, he has been unable to find employment in Philadelphia commensurate with his education. Indeed, the debtor has been unable to obtain anything except sporadic, part-time and low-paying employment. The debtor

[1] This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

owes, in addition to his student loans, approximately $900 in taxes and over $13,000 in support payments. Faced with this crushing burden of debt, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code.

■ The Pennsylvania Higher Education Assistance Agency is the guarantor of these loans, and has filed a complaint to object to the discharge of this debt. Under § 523(a)(8) of the Bankruptcy Code, PHEAA claims that these loans are not dischargeable. The debtor, on the other hand, claims that said loans can be discharged under § 523(a)(8)(B), which provides that such loans can be discharged in cases where "... excepting such loan from discharge ... would impose an undue hardship on the debtor...." 11 U.S.C. § 523(a)(8)(B).

"Undue hardship" is a term which is not subject to a precise definition. Rather than establish an ironclad definition, the Court should examine each factual situation and decide each case on its own merits. *In the Matter of Hemmen*, 7 B.R. 63 (N.D.Ala. 1980); *In re Johnson*, 5 B.C.D. 532 (E.D.Pa. 1979).

The leading case in this district is *In re Johnson, supra*, written by Judge Thomas M. Twardowski. This Opinion examines and thoroughly analyzes the problems involved in the issue of dischargeability of student loan debts. The Court cites the report of the Bankruptcy Commission[2] which proposes that the test of undue hardship be based on a list of factors, including such criteria as future income and opportunity for employment.[3] The *Johnson* case further outlines the test expressed in the Bankruptcy Commission's report.

In the case at bar, the test is equally applicable. The debtor has supplied the Court with a detailed memorandum of facts. PHEAA has stipulated that this memorandum represents the facts of the case. No testimony was taken by the Court. Detailed review of the memorandum has provided the Court with the facts of this case, and to which the test expressed in *Johnson* can be applied.

The debtor's recent history is replete with personal difficulties. Application of the *Johnson* criteria has convinced this Court that the debtor should be discharged from his student loans in this case.

■ A brief analysis of the Court's reasoning in regard to the major factors present in the case, will show why the conclusion is so clear. The first major criterion is that of the debtor's financial resources. The debtor is presently unable to find any full-time employment. He is dependent upon public assistance and the charity of relatives. Although the debtor is a well-educated individual and has made admirable efforts to obtain professional employment equal to his education, he has been unsuccessful. Furthermore, the debtor has experienced great difficulty in locating work of any sort. The debtor is also subject to an outstanding order requiring the payment of weekly child support. The substantial arrearages, which continue to accrue, ensure that the debtor will be saddled with debt, regardless of the disposition of the student loans. This accumulated debt is not dischargeable.[4] The debtor has no other potential income or assets. As can well be seen, the debtor's future financial picture can best be described as grim.

The second major factor is the debtor's present and future expenses. *Johnson, supra; see*, also, *In re Bagley*, 4 B.R. 248 (Bkrtcy.1980). To describe the debtor's current life-style as "Spartan" would be a compliment. He is dependent on the public dole and, indeed, gives a good portion of his monthly payment to his mother. All of his expenses are aimed at obtaining employment or the meager necessities of life.

---

2. *Communication from the Executive Director, Commission on the Bankruptcy Laws of the United States, Transmitting a Report of the Commission on Bankruptcy Laws of the United States*, H.R.Doc.No. 93–137, 93d Cong., 1st Sess., Pt. II (1973) 140–41, N. 17.

3. *Id.*

4. 11 U.S.C. § 523(a)(5).

The final element is good faith. *Johnson, supra* ; Ahart, Discharging Student Loans in Bankruptcy, 52 Am.Bankr.L.J. 201 (Summer 1978). In this case, however, the debtor has never had an opportunity to make payments. His troubles commenced at approximately the same time as his loans became due. Some insignificant payment was made in the interim between college and law school. The Court realizes that all the good faith in the world would not presently enable the debtor to make any type of repayment.

Therefore, the Court will enter an Order discharging these obligations.