**In the Matter of Thomas W. TOBIN, Jr., Bankrupt.**

**WISCONSIN HIGHER EDUCATIONAL AIDS BOARD, Plaintiff,**

v.

**Thomas W. TOBIN, Jr., Defendant.**

**Adv. No. 78–00526.**

United States Bankruptcy Court, W. D. Wisconsin.

March 22, 1982.

Nadim Sahar, Asst. Atty. Gen., Madison, Wis., for plaintiff.

Michael C. Ablan, Joanis, Davis, Ablan & Joanis, La Crosse, Wis., for defendant.

## DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

■ This case was tried to the court November 15, 1978, in La Crosse, Wisconsin. The plaintiff was represented by Nadim Sahar and the defendant by Michael Ablan. The sole issue at trial was whether the repayment of student loans made to the defendant constituted an undue hardship to the defendant or his dependents so as to make the debt dischargeable in bankruptcy under 20 U.S.C. 1087–3.[1] In deciding

whether the repayment of a student loan would constitute undue hardship, the court is to consider the facts and circumstances of each individual debtor to determine "whether there are such unique circumstances as to render it less likely or likely only with extreme difficulty, or unlikely at all that the bankrupt will within the foreseeable future be able to honor his commitment." *In re Kohn,* 5 B.C.D. 419, 424 (S.D. N.Y.1979), *In re Densmore,* 8 B.R. 308, 309, 7 B.C.D. 271, 272, 3 C.B.C.2d 471, 472 (Bkrtcy.N.D.Ga.1980).

■ The evidence showed that the defendant is a young man (age 27) without dependents, who at the time of trial was employed by Crown Auto Parts on a probationary basis in the area of sales. He was paid weekly at a rate of $3.25 per hour for a regular service of 40 hours per week. His net take-home pay was approximately $432.00 per month. He anticipated a small raise at the end of his probationary period and annual adjustments thereafter. In addition to working at Crown Auto Parts, Mr. Tobin was attending Metropolitan State University as a full-time student and anticipated receiving a diploma in 2 to 3 years.

Mr. Tobin testified that he had monthly expenses including:
1. rent $280.00
2. gas and electric $50.00 to $60.00
3. telephone $20.00
4. renter's insurance $20.00
5. food $200.00
6. laundry $20.00
7. transportation $100.00

In addition he had nondischargeable debts surviving his bankruptcy for income taxes and La Crosse telephone service. He also owed attorney's fees in connection with this action.

Mr. Tobin testified that he was receiving help in paying the expenses which exceeded his monthly income from a woman described as his fiancee. His monthly food expenses included food for his fiancee, and his rent was for an apartment they shared.

---

1. The provisions governing undue hardship in the dischargeability of student loans are found in the present Bankruptcy Code at 11 U.S.C. § 523(a)(8). These provisions are substantially similar to 20 U.S.C. 1087–3. See 3 Collier on Bankruptcy ¶ 523.18 at 523–133, 134.

Mr. Tobin's prospects for future employment are limited by his 1976 arrest and conviction on controlled substances charges. His probation required a monthly appearance in La Crosse to report to a probation officer. He believed his problem in getting jobs subsequent to 1976 was caused by his record and lack of references available from the La Crosse area. He had moved to the Twin Cities to avoid his reputation as a convicted felon but his employment future remained clouded. Mr. Tobin was trained as a diesel mechanic and previously employed as a hypnotist but saw no future for himself in either field. Other than the assistance he was receiving from his fiancee, Mr. Tobin anticipated no available support from friends or relatives. His fiancee was employed as a travel consultant and received take-home pay of approximately $110.00 per week. Her expenses included repayments on a car loan, payments of car insurance and doctors' bills.

Although he hopes to earn a B.A. degree in business and go into business or law, Mr. Tobin has no certainty of improved future employment. He was optimistic that in 3 to 4 years his financial circumstances would be considerably improved.

On the foregoing I find that it would unquestionably be a hardship for the defendant to pay his indebtedness to the Wisconsin Higher Educational Aids Board of $1,828.00. He had at the time of trial no present source from which to make payments. However, *undue* hardship is the standard to be applied in determining dischargeability of student loans. *In re Densmore*, 8 B.R. at 309, 7 B.C.D. at 272, 3 C.B.C.2d at 473 (Bkrtcy.N.D.Ga.1980). ("Some hardship may be expected by the statute; it is the "undue," the unreasonable, unconscionable hardship which the debtor is not expected and required to bear."). See also *In re Bell*, 5 B.R. 461, 463, 2 C.B.C.2d 977, 979 (Bkrtcy.N.D.Ga.1980). ("While debtor's budget will undoubtedly be tight for the forseeable future, that is a common rather than an undue hardship."). Mr. Tobin's relocation in the Twin Cities, his continued education and his prospects for the future indicated that the situation may in the future be less severe. No dependents would be affected by the requirement that Mr. Tobin complete payments on his education loans. Therefore, it appears that while repayment of the loans would be a hardship, it would not be an undue hardship justifying the conclusion that the debt should be discharged.

Judgment may be entered accordingly.