**Keith Alton KUHNS, Plaintiff,**

v.

**PENNSYLVANIA HIGHER EDUCA-TION ASSISTANCE AGENCY, Defendant.**

**In the Matter of Keith Alton KUHNS, Debtor.**

**Bankruptcy No. 3–82–01211. Adv. No. 3–82–0358.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Oct. 18, 1983.

Edward H. Siddens, Dayton, Ohio, for defendant.

H.T. Derivan, Middletown, Ohio, for plaintiff/debtor.

Thomas Talbot, Jr., Dayton, Ohio, Trustee.

## PRELIMINARY PROCEDURE

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court for disposition of Plaintiff-Debtor's Complaint seeking to have his obligation to Defendant-Creditor determined dischargeable pursuant to 11 U.S.C. § 523(a)(8)(A) and (B). The Court held a continued pretrial conference on August 30, 1982. On July 14, 1983 the parties filed an agreed joint Pretrial Order with the Court. The matter was tried on August 24, 1983. The Plaintiff submitted a post trial memorandum on 1 September 1983; and, the Defendant on 2 September 1983. The following decision is based upon the Pretrial Order, the pleadings, the evidence adduced at trial and the post trial memoranda of the parties.

## FINDINGS OF FACT

Plaintiff-Debtor filed a Petition for relief under 11 U.S.C. Chapter 7 on April 26, 1982 listing obligations of $6,587.19, of which, at the time the Petition was filed, $3,327.19 was alleged by Plaintiff-Debtor to be due Defendant-Creditor. Defendant-Creditor avers the sum of $3,393.35 to be due. Both sums apparently include interest accrued to an unspecified date, not completely clarified by the evidence adduced.

The Proof of Claim filed in the case on 12 July 1982 by the Defendant is the only definite evidence. It claims a principal amount due in the amount of $2,618.18, plus accrued interest of $775.17, *prima facie* established.

The $2,000.00 note provided for repayment, in pertinent part, as follows:

"I/We agree to repay the principal and interest of this loan over a period commencing nine months from the date on which the student borrower ceases to be enrolled on at least a half time basis (as determined by the educational institution) at an institution of higher education approved by the United States Commissioner of Education and extending over a period of not less than five (5) or more than ten (10) years after such date but in no event over a period in excess of fifteen (15) years from the execution of this note, and the total of of the payments during any year of the repayment period with respect to the aggregate amount of all loans of the student borrower insured or guaranteed under the provisions of the Higher Education Act of 1965, as amended, shall not be less than $360 or the balance of all loans insured or guaranteed under the provisions of the Higher Education Act of 1965, as amended, (together with interest thereon) whichever amount is less. I/We further agree to execute a new promissory installment note on PHEAA Form 600R covering all unpaid principal and interest prior to the commencement of the repayment period.

I/We further agree to pay in addition to the principal and interest due any insurance premiums that the lending instituis required to pay PHEAA in order to obtain insurance coverage on the principal amount and interest due on this note.

The due date of this note shall be extended for a period not in excess of three years during which the student borrower is a member of the Armed Forces of the United States, serves as a volunteer under the Peace Corps Actor serves as a full-time volunteer in service to America under Title VIII of the Economic Opportunity Act of 1964, and extension of this note during such periods shall not be included in determining the period during which repayment must be completed. This note may also be extended by mutual agreement of the Lending Institution and PHEAA if the student borrower becomes sick or is temporarily disabled. It is further agreed that during all periods that principal payments are not required, interest shall accrue and be paid.

In the event of the death or permanent and total disability of the student borrower, PHEAA shall discharge the stu-

dent borrower's liability by paying to the holder the amount of principal and interest due on this note.

No extensions of time for the payment of all or any part of the amount owing hereunder at any time shall effect my/our liability with respect hereto. Demand and presentment for payment and dishonor of this note are hereby expressly waived.

The $1,000.00 note provided for repayment in essential part the same as the foregoing, with minor modifications.

The amount due was derived from two Notes executed by the Plaintiff-Debtor in favor of Second Federal Savings and Loan Association of Pittsburg, Pa. One note dated November 21, 1975 was for two thousand dollars ($2,000.00) and the other, dated August 12, 1977, was for one thousand dollars ($1,000.00). Both bear interest at 7% per annum, computed as simple interest. Plaintiff-Debtor's obligation to Defendant-Creditor, as claimed by both parties, includes interest accrued to the date of filing and, according to Plaintiff-Debtor, reflects principal payments previously made in the amount of $381.82.

Both notes represented the loan of funds to the Plaintiff-Debtor, used for educational expenses at the Art Institution of Pittsburg, where Defendant enrolled in a photography program. The Debtor obtained an Associate's Degree and after graduation was periodically employed in the photographic field without marked financial success. He enlisted in the Navy as one way to make his income more assured. Plaintiff-Debtor ceased to be enrolled at the Art Institution of Pittsburg in September, 1977, and both parties agree the Notes are in default.

Plaintiff-Debtor has been serving in the United States Navy for several years and recently reinlisted for an enlistment period expiring in January 1987. He holds a rating relating to photography work and is stationed in the Washington D.C. Area. According to his testimony, which is uncontradicted, his specialty in the area of photography is one which does not command special service grades or additional income.

At the time of filing his Chapter 7 petition, Plaintiff-Debtor was married and had a small child. He also has a child from a former marriage and makes monthly payments to his ex-wife for support of that child.

Plaintiff-Debtor's monthly take-home pay is approximately $920.00. His living expenses are in the range of $600.00 to $1,000.00 per month based on trial testimony which is imprecise and somewhat contradictory. The living expenses, which appear to total around $800.00 to $900.00 monthly, include $300.00 for rent, $146.00 for current and arrearage child support, and other usual and basic living costs. Therefore, the income at least covers Plaintiff-Debtor's expenses.

Plaintiff-Debtor filed the instant complaint on June 9, 1982. Plaintiff-Debtor alleges that his debt to Defendant-Creditor does not qualify for an exemption from dischargeability pursuant to 11 U.S.C. § 523(a)(8)(A) and in the alternative said debt should be discharged pursuant to 11 U.S.C. § 523(a)(8)(B).

In response, Defendant-Creditor asserts that Plaintiff-Debtor is not entitled to a discharge under 11 U.S.C. § 523(a)(8)(A) because his student loan debt did not become due until June 1, 1978, (a date nine months after his "school expiration" date of September 1, 1977), which due date was not prior to five years before the date of the filing of Plaintiff-Debtor's petition. Defendant-Creditor further responds that Plaintiff-Creditor is not entitled to a discharge under 11 U.S.C. § 523(a)(8)(B) because he has not averred information sufficient for a determination that a repayment of the student loan debts would impose an undue hardship. Defendant-Creditor, therefore, requests that this Court deny Plaintiff-Creditor's request that Plaintiff-Creditor's student loan debt is dischargeable within the provisions of 11 U.S.C. § 523(a)(8)(A) and (B).

A Pretrial Order issued July 14, 1983, pursuant to pretrial conferences, eliminated

the issue of whether the Defendant-Creditor qualified for an exemption, as Plaintiff-Debtor's loan did not first become due before five years before the date Plaintiff-Debtor filed his Petition under 11 U.S.C. Chapter 7.

The Plaintiff has · demonstrated good faith in attempting to cope with the student loan obligation. Likewise, the Defendant has demonstrated a proper consideration to the problem in endeavoring to cooperate with the Debtor to mitigate the proven hardship. The mutually agreed repayment rate by the parties was $30.00 per month. This Court finds that the maximum amount the Debtor can currently pay is the minimum contract payment of $360.00 per annum.

## DECISION AND ORDER

The issue now before the Court is whether a determination that Plaintiff-Debtor's student loan debt to Defendant-Creditor should be excepted from discharge under 11 U.S.C. § 523(a)(8) because it will impose an undue hardship on the Plaintiff-Debtor and his dependents.

*In the Matter of John Henry Yarber,* 19 B.R. 18 (Bkrtcy.S.D.Ohio, W.D.1982) this Court observed that (i) "undue hardship" is discretionary with the Bankruptcy Court, (ii) the inquiry is whether payment of the debt will cause undue hardship and defeat the underlying "fresh start" policy inherent in the Bankruptcy Code, and (iii) in determining the dischargeability of liability for a student loan, the "totality of the circumstances" approach is appropriate.

The Plaintiff-Debtor's income at least covers his projected basic expenses as they are now determinable. His future income, together with probable cost of living adjustments, is substantially assured through January 1987, when his current Navy enlistment terminates.

■ As a general rule, claims for post petition interest accrued on unsecured debts are not allowable pursuant to 11 U.S.C. § 502(b)(2). *Household Finance Corp. v. Hansberry,* 20 B.R. 870 (Bkrtcy.S.D.Ohio, 1982). Defendant-Creditor avers that Plaintiff-Debtor's debt is in the amount of $3,393.35, of which $2,618.18 is principal and $775.17 is interest, accrued as of an unspecified date. (This total amount claimed to be due is at variance by a relatively small amount with $3,327.19 which Plaintiff-Debtor's complaint alleged.)

■ If Plaintiff-Debtor's debt owing to Defendant-Creditor is stabilized to an amount certain, without the continuing burden of further interest accruing on the debt, and Plaintiff-Debtor is discharged from his other prepetition debts, he would essentially have a "fresh start" and be able to make payments on Defendant-Creditor's debt.

Requiring the Plaintiff-Debtor to repay this student loan debt might constitute some hardship, even without the burden of continuing interest costs. However, such a requirement will not place upon him a hardship which is "undue" within the meaning of the Bankruptcy Code. This Court adopts the *ratio decidendi* followed in opinions, such as *In the Matter of Densmore,* 8 B.R. 308 (Bkrtcy.N.D.Ga.1980), 7 B.C.D. 271, 3 C.B.C.2d 471.

It is the finding of the Court that Plaintiff-Debtor's student loan debt to Defendant-Creditor, to the extent of monthly payments of $30.00 ($360.00 per annum) on the unpaid principal and interest accrued to the date of Plaintiff-Debtor's filing of his Chapter 7 Petition, will not impose an undue hardship on the Plaintiff-Debtor and his dependents.

The Court is constrained to conclude that the accrual of interest at the contract rate over a period of 10 (or 15) years interferes with the "new start" contemplated by the order for relief granted herein and constitutes an undue hardship in light of the demonstrated facts of present and possible future income of the Debtor from his training and trade. Without compounding, the remaining principal debt would be reduced each year by only $122.47. The interest (not compounded) at the end of 15 years would total the amount of $1,837.05.

Certainly, a discharge in bankruptcy and a "fresh start" does not contemplate perpetual indebtedness on student loans beyond a reasonable repayment period.

IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED, that Plaintiff-Debtor's student loan debt to Defendant-Creditor, to the extent of unpaid principal and interest accrued to the date of Plaintiff-Debtor's filing of his Chapter 7 Petition, should be excepted from discharge under 11 U.S.C. § 523(a)(8)(B) but the interest accruing upon the debt upon maturity at the end of 10 years constitutes an undue hardship to the extent deferred payments total more than $3,600.00.

IT IS FURTHER ORDERED that Plaintiff-Debtor is granted two weeks leave to amend his Petition to proceed under 11 U.S.C. Chapter 13, as to the nondischargeable debt upon maturity of $3,600.00.