In re Thomas P. PENDERGRAST, Jr., Debtor.

Thomas P. PENDERGRAST, Jr., Plaintiff,

v.

STUDENT LOAN SERVICING CENTER, Northeastern Bank and PNC Educational Center, Defendants.

Bankruptcy No. 5–87–00318.
Adv. No. 5–87–0130.

United States Bankruptcy Court, M.D. Pennsylvania.

Aug. 29, 1988.

Paul Sotak, Scranton, Pa., for plaintiff/debtor.

K. Kevin Murphy, Harrisburg, Pa., for Pa. Higher Educ.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

Thomas P. Pendergrast, Jr. (hereinafter "Debtor") commenced this proceeding to determine the dischargeability of an educational loan pursuant to 11 U.S.C. § 523 of the Bankruptcy Code. For the reasons set forth herein, we find the debt is nondischargeable.

## FINDINGS OF FACT

The debtor filed a Chapter 7 bankruptcy on or about May 14, 1987. Prior to the bankruptcy, the debtor signed the following promissory notes to help fund his education:

1978—Promissory Note for $2,000.00
1979—Promissory Note for $1,500.00
August 1980—Promissory Note for $2,000.00
August 1981—Promissory Note for $2,000.00

In September of 1982, the debtor signed a Pennsylvania Higher Education Assistance Agency Promissory Installment Note for the total amount of $7,500.00. Payment was to be made with interest thereon at the rate of 7% per annum in 119 installments of $86.70 with the first installment being due March 5, 1983 and succeeding installments on the 5th day of each month thereafter until February 5, 1993. The testimony given by the debtor at the time of the trial indicated that he last attended school in December of 1981. The Schedule of Current Income & Current Expenditures filed by the debtor shows monthly income amounting to $774 and total expenses amounting to $726. Among the expenses listed are $100 for recreation, $30 for ciga-

rettes, $25 for newspapers, periodicals and books. While debtor's employment history has been sporadic, he was employed at the time of hearing on this complaint. Debtor is a single individual with no dependents and no health problems.

## DISCUSSION

The debtor argues that some, if not all of the loan payments became due five years prior to the filing of the bankruptcy. The debtor stresses that he was last in school in December of 1981 and that the petition was filed on May 14, 1987 and, therefore, the petition was filed beyond five years before his loan payments first became due, exclusive of any applicable suspension of the repayment period. Debtor also argues that repayment of the student loans would cause undue hardship on the debtor.

The Student Loan Servicing Center (hereinafter "Defendant") responds to these arguments asserting that the first payment on the installment notes became due within the five year period preceding bankruptcy because debtor was a part-time student in December of 1981 and his first payment did not become due until nine (9) months after that date. Additionally, the defendant draws attention to the expenditures and income of the debtor as shown on its schedules, reflecting a surplus of approximately $50 per month. Defendant also draws attention to certain expenses listed by the debtor, such recreation, cigarette and book and magazine expenses. In short, defendant asserts that the debtor could make the required payment on the debts without causing an undue hardship on the debtor and, therefore, the debt should be declared nondischargeable.

We first address the issue debtor raises concerning the date the first payment became due under the terms of the installment notes. The parties do not dispute that the debtor last attended college, at least on a part-time basis, in December of 1981. In September of 1982, the debtor signed a promissory installment note with disclosure for a total amount of $7,500 with the first installment due on March 5, 1983. The principal amount of this installment note was the total of the previous notes referenced above. The first payment due on March 5, 1983 clearly falls within the five years preceding the filing of this bankruptcy petition. All the promissory notes, however, provided that payment would not become due until nine months after the date the debtor ceased to be enrolled as at least a half time student at an approved educational facility. There is simply no indication in either the oral testimony or documentary evidence which would support debtor's position that any of the loans became due prior to five years before the filing of the petition. Testimony revealed it is not only the defendant's policy but also the regulations which guide the defendant which provide that payments on guaranteed school loans first become due nine months after the date of at least half time student enrollment. This deferment period is automatic and does have to be requested by the student. Consequently, debtor's argument fails.

Debtor also argues that the student loans must be discharged because payment would cause an undue hardship upon the debtor. The bankruptcy court in the case of *In re Birden*, 17 B.R. 891 (Bankr.E.D. Pa.1982) wrote:

> " 'Undue hardship' is a term which is not subject to a precise definition. Rather than establish an iron-clad definition, the court should examine each factual situation and decide each case on its own merits. *In the Matter of Hemmen*, 7 B.R. 63 (Bankr.N.D.Ala.1980); *In re Johnson*, 5 B.C.D. 532 (E.D.Pa.1979)."

A determination of whether or not a student loan should be discharged because of undue hardship requires an analysis of a debtor's financial resources, his present and future expenses and whether he has made a good faith attempt to repay the loan. *In re Birden, supra;* see also *Pennsylvania Higher Education Assistance Agency v. Debra Lee Johnson*, 5 B.C.D. 532 (Bankr.E.D.Pa.1979). After reviewing the facts as presented through the testimony and the supporting documentation admitted into evidence, we find that this case is not one in which to apply the hardship

discharge provision found in 11 U.S.C. § 523(a)(8)(B) and, therefore, we find this to be a nondischargeable debt.

We stress that this debtor does not present normal indicia which would require this court to grant a hardship discharge. This debtor does not have medical problems, dependents, or a budget that cannot be balanced because of financial problems. Additionally, there is absolutely no testimony that the debtor has a bleak future and in fact is healthy and working at the present time. Of importance to our determination is a review of the expenditures and finances as presented by the debtor in his schedule of expenditures. We note that the debtor has submitted a surplus in excess of $50.00 per month. While this amount, by itself, is not significant, it becomes so when reviewed in light of other expenses listed by the debtor. The debtor, a single individual with no dependents, has submitted a recreational expense of $100 per month. Additionally, his schedule shows $30 for cigarette expense and $25.00 for periodicals, magazines and newspapers. Efforts could be made by the debtor to reduce those expenses. We note that living on a tight budget is a common rather than an undue hardship. See *In re Bell,* 5 B.R. 461 (Bankr.N.D.Ga.1980). Finally, a review of the debtor's employment history as presented by the debtor himself reflects a pattern of wage or salary increases with the debtor changing jobs to improve his financial position.

In short, we are presented with a situation in which a young, single employed debtor without no medical problems or dependents has requested that a student loan be discharged while at the same time showing no willingness to keep down expenditures for non-essential items. We simply cannot, under these facts, discharge this student loan.

Upon consideration of the testimony adduced at trial and the briefs and memorandum filed by the parties in this case, we find that the prequisites of a hardship discharge pursuant to § 523(a)(8)(B) have not been met. We, therefore, find that the

debt owed to the defendant by the debtor is nondischargeable.