## No. 10,642.

### GREENLEE v. OWENS.

Decided November 5, 1923.   Rehearing denied December 3, 1923.

Creditor's bill to compel an accounting for stock.   Judgment for plaintiff.

### Affirmed.

### On Application for Supersedeas.

1. FRAUD—*Fraudulent Conveyances—Proof.*   On a creditor's bill to reach stock transferred to defendant by her husband, held, that defendant was required to prove her bona fides by clear and satisfactory evidence.

2. EVIDENCE—*Interested Party.*   It is not the law that the testimony of an interested party must be taken as true at all events, even when unimpeached and uncontradicted.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. WARWICK M. DOWNING, Mr. TOM POLLOCK, Mr. RICHARD E. DOWNING, for plaintiff in error.

Messrs. HENRY & FERGUSON, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

OWENS obtained a judgment on a creditor's bill against

Rachel B. Greenlee to compel her to account for certain stock which he claimed her husband, L. C. Greenlee, had transferred to her without consideration to defraud creditors, of whom he, Owens, was one. She brings error, moves for supersedeas, and claims that the undisputed evidence substantiates her claim that the stock was given her for a valuable consideration. Both sides wish the case determined on the motion.

We think the judgment must be affirmed. Mrs. Greenlee claims and testifies that in 1912 her husband, while solvent, in lieu of life insurance which, because of the state of his health, he could not get, gave her $20,000 of city bonds; that these were kept in a joint safe-deposit box to which he and she had keys and free access; that without her knowledge he took these bonds and converted them to his own use; that she discovered this fact in 1919, and on March 24th of that year, to replace the bonds, he gave her 171 shares of Interstate Trust Company stock, of the value of about $18,000, and 115,774 shares of the stock of the Rugby Fuel Company, then of some small value but since become valueless. Mr. Greenlee, called by the plaintiff but not by her, in a measure corroborated this testimony.

Her position here is that the taking and conversion of her property by him created a valid liability which constituted a valuable consideration for the transfer of the stock and made her a bona fide creditor whom he had a right to prefer, though such preference made him insolvent, as she admits it did. Plaintiff in error claims that since her testimony was nowhere disputed or impeached the court was bound to take it as true and so should have dismissed the bill. Defendant in error, on the other hand, rightly says that she is required to prove her bona fides by clear and satisfactory evidence, (Helm v. Brewster, 42 Colo. 25, 93 Pac. 1101; Tibbetts v. Terrill, 44 Colo. 94, 96 Pac. 978, 104 Pac. 605; Thuringer v. Trafton, 58 Colo. 250, 144 Pac. 866), and claims that while there is no direct testimony disputing hers, yet there are many circumstances, badges of fraud, which discredit her claims, and that the court be-

low is the proper judge whether her testimony is sufficient, taken with all these circumstances, to sustain this burden. To this the plaintiff in error replies that the so-called badges of fraud are either immaterial and trifling, or so explained by her as to become so, and therefore should have no weight against her direct and positive statements.

In this situation the sole question for us is whether there was evidence to justify the general finding of the court. We have gone carefully over the circumstances which it is said discredit the testimony for plaintiff in error. It is not necessary to itemize them. Their weight is for the lower court and we cannot say that they were insufficient, nor, indeed, do we say that the testimony of an interested party must be taken as true at all events, even when unimpeached and uncontradicted; the contrary would seem to be the rule. *Ward v. Atkinson*, 22 Colo. App. 134, 142, 123 Pac. 120.

Plaintiff in error rightly claims that the vital question is the consideration or want thereof for the transfer of the stock, and that depends on the gift of the bonds and their conversion by Greenlee; but we think she is wrong in supposing that therefore the so-called badges of fraud are immaterial or irrelevant. They may still have some force in showing whether there was in fact good faith in the transaction. Indeed, the joint possession of and access to the bonds, a familiar plan when two persons wish to make the circumstances seem consistent with a claim that either is the owner, throws doubt upon the consideration, and this doubt is increased by the fact that Mr. Greenlee treated the bonds as his own.

Motion for supersedeas denied. Judgment affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.