In re PATRIZZO.

No. 384.

Circuit Court of Appeals, Second Circuit.

June 19, 1939.

I. Robert Bassin, of Jamaica, N. Y. (Leo Blatt, of Hollis, N. Y., on the brief), for appellant.

John Scileppi, of Brooklyn, N. Y. (Herman G. Robbins, of Brooklyn, N. Y., of counsel), for appellee.

Before SWAN, CLARK, and PATTERSON, Circuit Judges.

## PER CURIAM.

This is an appeal by a creditor of the bankrupt from an order overruling her specifications of objection and granting the bankrupt a discharge. In so ordering the district judge reversed the referee's finding that the second specification was proved, namely, a fraudulent conveyance of an automobile by the bankrupt to his daughter. In support of this specification the objecting creditor offered the testimony of the bankrupt and his daughter taken at the first meeting of creditors; no evidence was offered by the bankrupt. The bankrupt's testimony was that about May 1, 1936, which was five months before he filed his petition in bankruptcy, he sold a 1931 Buick automobile to his daughter for $200 in cash and used the cash to pay a debt. The daughter's testimony was that she bought the car with money which she had saved from her earnings and kept in a bureau drawer. In answer to one question she replied "My father needed the cash so I loaned it to him," and then, apparently in some confusion, she corrected her statement and reiterated that she bought the car. The daughter was only twenty-three years old, lived at home with her father, could not drive an automobile and did not learn to drive after her alleged purchase. She explained that the young man she expected to marry could drive it, but she admitted that he never had done so. In fact, despite the change of title the father remained in possession of the car and continued to use it and to pay for its upkeep just as before the sale. The referee found that the transfer to the daughter was an "arrangement of convenience," not made in good faith, and was intended to put the property beyond the reach of the bankrupt's creditors; he recommended denial of the discharge. The district judge held that there was nothing improbable in the story told by the bankrupt and his daughter and that their testimony must be accepted at face value in the absence of proof to the contrary. Consequently he granted the discharge.

In overruling the finding of the referee we think the judge was in error. A sale by a father to his daughter who never learned to drive the car is a transaction which invokes suspicion. Even if cash were paid, the seller's retention of possession and enjoyment of the property after the transfer is a well-known badge of fraud. Nor would the buyer's payment, even if true, save the transaction if the seller's intent was actually to put the property beyond reach of his creditors. The referee who heard and saw the witnesses, even though their testimony before him at the first meeting of creditors was given some 18 months prior to the hearing on the objections to discharge, was better able to pass upon their credibility and to draw inferences as to the bankrupt's intent in making the transfer than was the judge who saw only the printed record. See In re Slocum, 2 Cir., 22 F.2d 282. Moreover, under the Act (11 U.S.C.A. § 32) the burden was upon the bankrupt to prove that he had not made a transfer in fraud of creditors, once the objecting creditor had satisfied the court that there were reasonable grounds for believing that he had done so. The referee was satisfied that such a showing had been made and commented upon the fact that no attempt was made by the bankrupt to explain or justify the transaction. The bankrupt failed to carry the burden that the statute puts upon him.

Order reversed.