**HOUSEHOLD FINANCE CORPORATION,**
**Plaintiff,**

v.

**Judith Lynn HANSBERRY, J. M. Hansberry, George Ledford, Trustee in Bankruptcy, Defendants.**

**In the Matter of Judith Lynn HANSBERRY, Debtor.**

**Bankruptcy No. 3–81–02077.**

**Adv. No. 3–81–0629.**

United States Bankruptcy Court, S. D. Ohio, W. D.

June 4, 1982.

Donald F. Harker, Dayton, Ohio, for defendants.

J. M. Hansberry, defendant, pro se.

George Ledford, Englewood, Ohio, trustee/defendant.

Stephen D. Miles, Dayton, Ohio, for plaintiff.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### FINDINGS OF FACT

This matter is before the Court upon Amended Complaint filed by Household Finance Corporation on 6 October 1981 requesting relief from the automatic stay under 11 U.S.C. § 1301. The Complaint names Debtor, the "co-signer," and the Trustee as Defendants. The Court held a pretrial to consider the matter on 28 October 1981, at which time the parties agreed to submit the matter for decision on the record. 11 U.S.C. §§ 102(1) and 1301(c). The parties subsequently filed Joint Stipulations of Fact and Questions of Law on 9 December 1981. The following decision is based upon the Joint Stipulations and the record.

The pertinent facts are not in controversy, having been stipulated, as follows:

1. Defendant, Judith Lynn Hansberry, filed a petition under 11 U.S.C. Chapter 13 on July 24, 1981.

2. Plaintiff, Household Finance Corporation, is the holder of an allowed unsecured claim in the amount of $1,561.88.

3. The Chapter 13 Plan filed by Defendant-Debtor proposes to pay 100% of all claims. The Chapter 13 Plan does not propose to pay to Plaintiff the contract rate of interest of 21.013% on the allowed pay-off balance of $1,561.88.

4. The note to Plaintiff was co-signed by Defendant J. M. Hansberry who is liable for the full amount of the obligation to Plaintiff, including interest.

5. Plaintiff desires to collect post-petition interest from J. M. Hansberry but is prohibited from doing so by 11 U.S.C. § 1301.

Counsel for Plaintiff and counsel for Debtor have presented this matter for determination of the "only question of law presented by this action," framed as follows: "Can [Plaintiff] collect post-petition interest from Defendant-[Co-signer]?"

### DECISION AND ORDER

### I

Apparently, the initial legal question before the Court is whether an 11 U.S.C. Chapter 13 plan may provide for payment of accrued postpetition interest on an allowed unsecured claim. It is the determination of the Court that the Chapter 13 process is not intended to mandatorily prohibit payment of *bona fide* claims for postpetition interest, and that nothing in 11 U.S.C. Chapter 13 itself indicates such a restrictive reading as is suggested. 11 U.S.C. § 1325(a)(4); See also, *In Re Oahu Cabinets, Ltd.*, 12 B.R. 160, 7 B.C.D. 402, 4 C.B.C.2d 441 (Bkrtcy.D.Hawaii 1981), though this Court disagrees in part, as discussed below.

■ In the instant case, the validity of the underlying contract, and specifically the interest rate contracted for, is not disputed. As indicated by the contractual right to seek payment from Debtor-cosigner, the contractual right to payment for earned interest, regardless whether earned subsequent to a petition filing, is a "claim," as that term is broadly defined in the Bankruptcy Code. 11 U.S.C. § 101(4).

■ As a general rule, however, claims for postpetition interest accrued on unsecured debt are not allowable pursuant to 11 U.S.C. § 502(b)(2). Nevertheless, this rule is not intended to negate substantive rights of the parties, and is instead excepted in situations where a solvent debtor liquidates, thus enabling payment of accrued postpetition interest from the estate surplusage. *In re Busman*, 5 B.R. 332, 336, 6 B.C.D. 638 (Bkrtcy.E.D.N.Y.1980). It is the determination of the Court that a Chapter 13 plan may properly provide for any payment which could be accomplished by a liquidating creditor under 11 U.S.C. Chapter 7. See specifically, 11 U.S.C. § 726.

### II

■ The legal issue before the Court narrows, therefore, to whether a confirmed plan which proposes "100% payment" to all unsecured creditors thereby constitutes a proposal for payment of postpetition interest to unsecured creditors, by terms of the contracts creating the unsecured debts. It is the determination of the Court that a "payment in full" plan under Chapter 13 does not reobligate the debtor to payment of postpetition interest on unsecured debt through the plan, unless specified as such.

■ Although, as earlier indicated, allowability of "unmatured" postpetition interest does not substantively invalidate the contractual right of enforcement of such claim against a co-signer, as in the case *instanter*, 11 U.S.C. § 502(b)(2) does limit the legal obligations of a Chapter 13 debtor, and permit such debtor to be absolved of liability on unsecured debt by payment under a confirmed plan of only the accelerated balance due as of the petition filing, unless such debtor would have paid postpetition interest on unsecured claims had the debtor filed under 11 U.S.C. Chapter 7. 11 U.S.C. §§ 726(a)(5) and 1325(a)(4). The Court notes that the record does not indicate that

Plaintiff would receive any payment through 11 U.S.C. § 726(a)(5) had Debtor filed under 11 U.S.C. Chapter 7.

Hence, *contra* to the opinion *In Re Oahu Cabinets, Ltd., supra,* it is the opinion of this Court that, unless specific terms of the plan indicate otherwise, a provision in a Chapter 13 plan for "100% payment" of unsecured debt should be read as signifying payment of only a debtor's statutory obligations to pay the accelerated balances due on unsecured claims as of the Petition filing, inclusive of only prepetition interest. 11 U.S.C. § 502(b)(2). This result would only be altered if the debtor would have paid postpetition interest had the debtor opted for 11 U.S.C. Chapter 7, (in which case the plan would otherwise not be confirmable, 11 U.S.C. § 1325(a)(4)), or if the debtor's plan included specific provision for payment of the postpetition interest due pursuant to the terms of the contracts underlying a special class of co-made debts. 11 U.S.C. § 1322(b)(1).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Debtor is granted two weeks leave to amend her 11 U.S.C. Chapter 13 Plan conformably to this decision.

IT IS FURTHER ORDERED that should Debtor choose not so to amend her Plan, Plaintiff is granted relief under 11 U.S.C. § 1301(c)(2) to seek payment from Defendant-cosigner for the postpetition interest disallowed under 11 U.S.C. § 502(b)(2).