**In the Matter of GAGEL & GAGEL, an Ohio General Partnership, Debtor.**

**Bankruptcy No. 3–82–01679.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

Oct. 20, 1982.

---

672

Robert W. Werth, Columbus, Ohio, for American Fid. Inv.

Horace W. Baggott, Jr., Dayton, Ohio, for debtor.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### PRELIMINARY PROCEDURE

The above-captioned Debtor is a partnership which was brought before this Court on 10 June 1982 by Involuntary Petition filed under the signature of Frederic E. Gagel, one of Debtor's two partners. This matter is presently before the Court upon a Motion to Dismiss filed on 29 July 1982 by

American Fidelity Investment, a creditor herein. The Court considered the Motion at a pretrial conference held on 12 August 1982, and subsequently heard the matter on 6 October 1982. The following decision is based upon the parties' memoranda and arguments at hearing, and the record.

### FINDINGS OF FACT

Debtor's Involuntary Petition was filed on 10 June 1982, and the Court entered an Order for Relief on 15 June 1982, which has continued to date as the Petition has remained uncontroverted. Note 11 U.S.C. § 303(h).

Debtor's Petition lists aggregate assets valued at $1,830,000 and aggregate liabilities estimated to be approximately $480,000. Debtor's Schedules further indicate that there are no unsecured creditors. Instead, Debtor's total debt is comprised of two mortgages secured by Debtor's principal asset, an undivided one-half interest in farmland located in the Ohio counties of Montgomery and Warren. Movant herein is scheduled as the "second mortgage" holder in the amount of " ± $180,123.00." The "first mortgage" is held by a Louise Gates to secure " ± $300,000.00." The subject real estate is scheduled as having an estimated value of $1,500,000.00. Debtor's other principal asset is scheduled as "personal property" in the amount of $250,000.00 based upon an alleged contingent liability which is alleged to be owing to Mr. Gagel, the Petitioner herein. Mr. Gagel has filed an adversarial matter in a separate reorganization proceeding before this Court, (*Gagel, et al. v. Kingston Greene Partners, et al.*, Bkrtcy., 24 B.R. 435), and apparently alleges that any amounts collected therein are reimburseable to the instant Debtor, though the Court notes that the particulars of Debtor's involvement is not part of the Court record.

Movant contends that the instant Petition should be dismissed pursuant to 11 U.S.C. § 1112(b). Movant argues that "cause" for dismissal exists because "... the petition was not filed in good faith, the petition is a sham filed solely for the purpose of staying

a foreclosure sale, there are no unsecured creditors to be protected under a reorganization plan, it is impossible for the Debtor to propose and secure acceptance of a plan of reorganization that is within the jurisdiction of this Court to entertain and confirm, and there is no reasonable likelihood of rehabilitation." Movant's argument focuses on the fact that Movant had obtained a prepetition state judgment in foreclosure on the subject property on 17 May 1982, and Movant's conclusion that bad faith is inferable from the facts of foreclosure and an absence of unsecured creditors. In Movant's own words,

> It is difficult to imagine a clearer instance of bad faith filing than the present case. There are no unsecured creditors in the case, the sole asset is the real estate subject to the foreclosure case and the petition was filed only after a judgment in foreclosure was granted for the sole purpose of staying the foreclosure sale. There is nothing to invoke the Court's jurisdiction in this case. There are no unsecured creditors to be protected, the debtor has no ability to effectuate a plan and there is no reasonable likelihood (or need for that matter) of rehabilitation.

In essence, Movant questions the use of Chapter 11 process to administer a reorganization which essentially involves the restructuring of secured debt by an apparently delinquent, yet solvent, debtor.

Debtor responds that the instant Petition is *bona fide* and proper use of Chapter 11 process. Debtor argues that repayment on its secured debt, including the debt owed to Movant, has been impeded by a lack of funding due to a misappropriation by third parties of moneys which were to have been used as equity by Debtor.

The Court notes that these allegations are the subject of other proceedings pending before the Court, and are only relevant herein insofar as pertinent to the question of the propriety and viability of Debtor's contemplated reorganization.

## DECISION AND ORDER

Chapter 11 of the Bankruptcy Code was written to serve as an amalgamation of Chapters X, XI and XII of the former Bankruptcy Act. See generally, 5 *Collier on Bankruptcy,* 15th Ed. ¶ 1100.01. Chapter XII was specifically designed to provide for the restructuring of secured real property debt by a person other than a corporation. See 9 *Collier on Bankruptcy,* 14th Ed. ¶ 4.01, *et seq.*

The instant proceeding resembles the type of proceeding under former Chapter XII, which Congress intended be incorporated into Chapter 11. Further, the Code does not require insolvency to invoke Chapter 11 jurisdiction, and the absence of unsecured debt is itself irrelevant to the question of *bona fide* reorganization. 11 U.S.C. §§ 101(12) and 109(a), (b), and (d). In addition, the fact of a prepetition judgment in foreclosure (which has not resulted in a prepetition sale) does not preclude bankruptcy remedies, just as would have been the case under Chapter XII. 11 U.S.C. §§ 1123(a)(5)(G) and (b)(1), and 1124(2); *First Investment Company v. Custer,* 18 B.R. 842, 8 B.C.D. 1067 (Bkrtcy.S.D.Ohio); 9 *Collier on Bankruptcy,* 14th Ed. ¶ 4.16.

These conclusions, however, do not sanction the use of Chapter 11 process by pure contrivance to avoid inevitable foreclosure. Further, the grounds for dismissal under 11 U.S.C. § 1112(b) are "considerably broader" than the grounds for dismissal under former Chapter XII. See Comment to 11 U.S.C. § 1112(b) in 1981 Collier Pamphlet Edition of the *Bankruptcy Code,* Part 3. This Court agrees with the holdings of decisions cited by Movant which indicate that creditors' remedies should not be stayed by a Chapter 11 filing which was neither valid in purpose nor anticipatable, such as creation of the entity of the debtor within hours before the petition filing. See, as cited by Movant, *In re Alison Corporation,* 9 B.R. 827, 7 B.C.D. 500, 4 C.B.C.2d 199 (Bkrtcy.S.D.Cal.1981), and *In Re Dutch Flat Investment Co.,* 6 B.R. 470, 6 B.C.D. 1134, 3 C.B.C.2d 136 (Bkrtcy.N.D.Cal.1980). The circumstances of these cases, however, appear readily distinguishable from the in-

stant case. No evidence of record indicates that Debtor was created by contrivance in anticipation of bankruptcy. Further, Debtor has alleged both *prima facie* purpose of reorganization and means of funding to accomplish such purpose. In addition, if Debtor's situation as scheduled even approximates Debtor's actual situation, Movant's interests are almost by definition adequately protected. 11 U.S.C. § 361.

It is the opinion of the Court that conclusive determination of Debtor's intent and viability would be premature. Although the record does not demonstrate that the instant proceeding is mere sham, a finding of a *prima facie* case to the contrary does not obviate such possibility. It is the determination of the Court that there is insufficient evidence of record to permit informed findings in regard to Debtor's intent and ultimate purpose.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, therefore, that the instant Motion to Dismiss is DENIED to the extent that the Court will retain jurisdiction (derived historically from Chapter XII of the Act) over the instant proceeding. IT IS FURTHER ORDERED, however, that findings regarding Debtor's purpose and viability are RESERVED, subject to further order of the Court.