George W. LEDFORD, Chapter 13 Trustee, Plaintiff,

v.

Karl McCORMICK, Ruby McCormick, International Harvester Employees Credit Union, Inc., Defendants.

In the Matter of Karl McCORMICK, Ruby McCormick, Debtors.

Adv. No. 3–81–0866.
Bankruptcy No. 3–80–02267.

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 7, 1983.

Christopher M. Hawk, Dayton, Ohio, for debtors/defendants.

William P. Smith and William H. Howard, Dayton, Ohio, for plaintiff.

Barry L. Reich, Springfield, Ohio, for defendant Int. Harvester Co.

George Ledford, Englewood, Ohio, trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

## PRELIMINARY PROCEDURE

This matter is before the Court upon the Trustee's Complaint filed on 15 December 1981. At a pretrial conference held on 15 March 1982, the parties agreed to submit the matter on the record without further hearing. The following decision is based upon the parties' memoranda of law and the record, inclusive of the records in the case file and in adversarial proceeding No. 3–81–0711 which are judicially noticed herein.

## FINDINGS OF FACT

Debtors filed a Petition under 11 U.S.C. Chapter 13 with the Court on 29 July 1980. Debtors' Chapter 13 Plan, as confirmed by the Court by Order dated 4 September 1980, essentially provides for "100% payment" to all creditors. Note this Court's opinion in *Household Finance Corp. v. Hansberry,* 20 B.R. 870, 9 B.C.D. 311, 6 C.B.C.2d 1101 (1982), (hereinafter *Hansberry*).

Defendant International Harvester Employee Credit Union, Inc. (hereinafter Creditor) possesses a claim of approximately $5,700.00 against Debtors' estate. The claim is only partially secured because the value of the collateral, a "1976 Ford" (scheduled by Debtors as worth $1,000.00), is considerably less than the underlying debt. (These approximate figures are not

in dispute for purposes of the decision herein.) Defendant George Sexton (hereinafter Comaker) is obligated as a comaker of the underlying note.

On 16 October 1981, Creditor filed a Complaint (Adversarial Proceeding No. 3–81–0711) against Debtors, Comaker and the Trustee requesting relief from the "codebtor stay" of 11 U.S.C. § 1301 in order to collect postpetition interest not paid through Debtors' Chapter 13 Plan. Note Hansberry, supra. The Court heard the Complaint on 9 November 1981, at which time Debtors indicated their intention to modify their Chapter 13 Plan to include payment of Creditor's claim for postpetition interest. The Trustee orally objected to this proposed amendment.

On 30 November 1981, Debtors filed the subject Amended Chapter 13 Plan. The proposed Plan is essentially identical to the confirmed Plan, except for the added provision of payment to Creditor of postpetition interest accruing on its undersecured claim.

On 15 December 1981, the Trustee filed the instant Complaint formally objecting to the proposed Plan modification. Note 11 U.S.C. §§ 1324 and 1329(b)(2). The Trustee essentially argues as follows:

1. The Bankruptcy Code prohibits payment [through Chapter 13] of postpetition interest to an undersecured creditor.

2. Allowance of postpetition interest to an undersecured creditor jeopardizes the rehabilitation of the Debtor and depletes the assets of Debtors' estate to the detriment of other unsecured creditors.

3. The proposed special treatment of [creditor] in the Amended Plan unfairly discriminates among creditors with claims of a similar nature and, therefore, the Plan cannot be confirmed by this Court.

Debtors respond that this separate "classification" of Creditor's claim is reasonable and does not "unfairly discriminate." Debtors stress that "they feel obligated to protect" Comaker, and that the Court should permit classifications of debts such as comade debts which are readily classifiable and which, as a practical matter, would likely be "paid" as gratuity outside the Plan, regardless of a determination that the "payment" could not be properly administrable through the Chapter 13 process. Debtors further argue that they are capable of full performance of the proposed Plan, and that, "Should the Court be concerned about depletion of the Debtors' estate, the funds for postpetition interest could be held by the Trustee until all unsecured creditors were paid and then post-petition interest paid at that point in time."

Apparently complicating the instant Complaint, on 1 February 1982, the Court approved an Entry in Adversarial Proceeding 3–81–0711, which reads as follows:

This matter came on to be heard on November 9, 1981 and the parties having agreed to a resolution of the issues and the Court being fully advised in the premises, it is hereby ORDERED that Defendants Karl and Ruby McCormick shall modify their plan filed herein to provide for payment in full of Plaintiff's claim to include post-petition interest at the rate of one percent per month on the unpaid principal balance, which post-petition amount is found to be $3,030.75.

This Entry was indorsed by counsel for Creditor. In lieu of indorsement, the Trustee, however, wrote "refuse to sign—Complaint [the instant Complaint] filed by Trustee opposing confirmation." Debtors nevertheless also argue that this Entry in Adversarial Proceeding 3–81–0711 is res judicata and determinative of the issues raised herein.

## DECISION AND ORDER

### I

■ The threshold question before the Court is whether this Court's Entry in Adversarial Proceeding 3–81–0711 is dispositive of the Trustee's instant Complaint objecting to Plan modification. It is the Court's determination that the Entry should not operate as res judicata herein.

The Entry, in the nature of a settlement agreement, merely permits the filing of an amended plan in lieu of further action on the Complaint, and is binding strictly upon

only those parties indorsing the Entry as a matter of record. The Court notes that the Entry does not mention the instant Complaint, which was pending at the time the Entry was submitted to the Court. In addition, the issues raised herein, requiring separate hearing and opportunity for objection by any interested party, 11 U.S.C. §§ 1324 and 1329(b)(2), were not raised within the Complaint in Adversarial Proceeding 3–81–0711, the Plan modification not even contemplated at the time of the Complaint filing therein. Thus, although the instant litigants are identical, the Trustee is not collaterally estopped by this Court's prior Entry because the issues raised herein have not heretofore been addressed by the Court.

## II

This Court has earlier determined that a Chapter 13 Plan may properly provide for any payment properly administrable under 11 U.S.C. Chapter 7, including payment of postpetition interest. Under Chapter 7, a "claim" for postpetition interest would typically be disallowed, 11 U.S.C. §§ 101(4) and 502(b)(2), and, if disallowed, any resulting claim by a comaker for contribution would also be disallowed. 11 U.S.C. § 502(e). There are two exceptions, however—first, if the creditor's claim is oversecured, (see this Court's opinion in *Wolohan Lumber Company v. Robbins,* 21 B.R. 747, B.L.D. ¶ 68,827 (June 8, 1982)), and, second, if the liquidating debtor is solvent, (see 11 U.S.C. § 726(a)(5) and *Hansberry, supra* ). Because of this latter exception, this Court is of the opinion that a similar payment is administrable under 11 U.S.C. Chapter 13, as decided in *Hansberry,* which is incorporated by reference herein for purposes of brevity.

## III

The basic issue before the Court therefore is whether modification of a duly confirmed "100% Chapter 13 Plan" to permit payment of postpetition interest to a single nonpriority prepetition unsecured creditor on the basis that the underlying debt is a comade debt is violative of 11 U.S.C. § 1322(b)(1), which provides:

(b) Subject to subsections (a) and (c) of this section, the plan may—

(1) designate a class or classes of unsecured claims, as provided in section 1122 of this title, but may not discriminate unfairly against any class so designated . . . .

Other statutory sections pertinent to resolution of this issue include:

11 U.S.C. § 1122. Classification of claims or interests.

(a) Except as provided in subsection (b) of this section, a plan may place a claim or an interest in a particular class only if such claim or interest is substantially similar to the other claims or interests of such class.

(b) A plan may designate a separate class of claims consisting only of every unsecured claim that is less than or reduced to an amount that the court approves as reasonable and necessary for administrative convenience.

and

11 U.S.C. § 1322(a)(3). Contents of Plan.

(a) The plan shall—

(3) if the plan classifies claims, provide the same treatment for each claim within a particular class.

As a general rule, a debtor may classify and discriminate among general creditors if such classification is reasonable and rational, and if such discrimination is not "unfair" to other classes of general creditors. 11 U.S.C. §§ 1122 and 1322(b)(1); *AMFAC Distribution Corporation v. Wolff,* 22 B.R. 510, 512 (Bkrtcy. 9th Cir.1982), citing *In re Kovich,* 4 B.R. 403, 6 B.C.D. 482, B.L.D. ¶ 67707, 2 C.B.C.2d 203 (Bkrtcy.W.D. Mich.1980), and *In re Dziedzic,* 9 B.R. 424, 7 B.C.D. 497, 4 C.B.C.2d 1 (Bkrtcy.S.D.Tex. 1981); See also this Court's opinion in *Matter of Vanleeuween,* 17 B.R. 189, B.L.D. ¶ 68,667 (1982).

11 U.S.C. § 1122(a), incorporated by reference into 11 U.S.C. § 1322(b)(1), does require that claims placed in a "particular class" be "substantially similar." There is, however, no requirement in 11 U.S.C.

§ 1122, or elsewhere in the Bankruptcy Code, that all "substantially similar" claims be placed in a single class. Instead, 11 U.S.C. § 1122(a) limits the number of claims which "may be placed" in a given classification, without limiting the number of types of classifications themselves. See *In re Kovich, supra; In re Hill,* 4 B.R. 694, 6 B.C.D. 538, 2 C.B.C.2d 681 (Bkrtcy.D.Kan. 1980); and *In re Sutherland,* 3 B.R. 420, 6 B.C.D. 13 (Bkrtcy.W.D.Ark.1980). See *contra, In re Iacovoni,* 2 B.R. 256, 5 B.C.D. 1270, B.L.D. ¶ 67335 (Bkrtcy.D.Utah 1980).

11 U.S.C. § 1122(b) provides a specific exception permitting favorable (i.e. discriminatory) treatment of small unsecured claims for "administrative convenience," (e.g. a claim for $36.00 need not be prorated and paid a monthly distribution of $0.80 during the term of a "three year 80% plan"). 11 U.S.C. § 1122(b), however, is permissive and nonexclusive. It does not, nor should be interpreted to, restrict classification among unsecured claims to the narrow exception of administrative convenience.

Classification itself is merely a categorization of claims, and does nothing to add or detract from the substance of the claim. The reasonableness of a classification should be presumed if any arguable rationale exists upon which a debtor may want to separate general creditors, particularly if distinctions may be readily drawn. Debtors, especially those with numerous creditors, should be afforded the discretion to draft their plans to best organize their financial affairs from their own personal perspective; and Court time should certainly not be invested to scrutinize classifications which do no more than classify. See *contra, In re Cook,* 21 B.R. 650 (Bkrtcy.D.N.M. 1982).

For the purpose of a determination whether a plan "unfairly discriminates" in favor of a special unsecured creditor against other classes of unsecured creditors, the crucial test is not that all such creditors are "unsecured." The thrust of "unfair discrimination" involves two tests, namely: (1) whether there is a reasonable distinction to be made, and (2) whether the value of property to be distributed under the plan, as of the effective date of the plan, to each unsecured claim is not "less than the amount that would be paid on the claim in a liquidation case under Chapter 7." 11 U.S.C. § 1325(a)(4). The classification *instanter* is reasonable because in a liquidation case the distribution to all unsecured creditors would be less than 100%. Furthermore, the classified comaker creditor would be an unsecured creditor for his right of contribution for the amounts paid under the debt (interest) which would be dischargeable as to the Debtor in Chapter 7. The test, therefore, is an economic test. In fact, if a Debtor feels constrained to save the comaker harmless from contingent liability he would be forced to either make payments "outside the plan" from reserved income or file in Chapter 7, either of which would defeat or jeopardize the payment of all creditors from a Chapter 13.

■ The ultimate question before the Court therefore is whether Debtors' proposal to provide for distribution through Chapter 13 administration of postpetition interest to the separate "class" of comade debts "unfairly discriminates" against other general creditors "only" paid "100 percent." Note *Hansberry, supra.* Although it is self-evident that such distribution "discriminates" among general creditors, it is the determination of the Court that this discrimination is not "unfair." 11 U.S.C. § 1322(a)(3).

The issuance of an Order for Relief absolves a debtor of the legal obligation of postpetition interest accruing on unsecured prepetition debt, unless the debtor is solvent. 11 U.S.C. §§ 301, 502(b)(2), 726(a)(5), and 1325(a)(4); *Hansberry, supra.* As indicated by the fact of earlier confirmation of their Plan, Debtors are under no legal obligation to pay Creditor accruing postpetition interest because Creditor is undersecured and because Debtors would not have made a distribution of postpetition interest had they filed under Chapter 7. Note 11 U.S.C. §§ 726(a)(5) and 1325(a)(4); and *Hansberry, supra,* and *Wolohan Lumber Company v.*

*Robbins, supra.* Instead, payment of postpetition interest accruing on unsecured prepetition debt is, in essence, at law in the nature of a gratuity. Such gratuity would not be administrable under Chapter 7, which instead mandates by statute the distribution of the debtor's liquidated prepetition assets. 11 U.S.C. §§ 522, 541 and 726. An insolvent Chapter 7 Debtor could only accomplish payment of postpetition interest on unsecured debt as a continuing legal obligation by reaffirmation of the underlying debt. 11 U.S.C. § 524. Otherwise, such payment would be subject to the Trustee's avoidance power under 11 U.S.C. § 549 if property of the estate were involved.

Inclusion of postpetition property and earnings acquired during the pendency of the Chapter 13 administration, however, by definition, creates a surplusage beyond what the debtor would have distributed under Chapter 7, without which the debtor would be unable to propose a plan capable of confirmation. 11 U.S.C. §§ 109(e), 1306 and 1325(a)(4). The confirmation of a Chapter 13 plan relieves transfers of property not committed to Chapter 13 distribution from the Trustee's avoidance powers under 11 U.S.C. § 549, (e.g. a Chapter 13 debtor can give Christmas gifts from property held prior to the petition filing but not committed to Chapter 13 distribution). 11 U.S.C. §§ 549 and 1327(b). Thus, Debtors could, independent of the Chapter 13 process, tender a gift of accruing postpetition interest to either Creditor or Comaker, and such gift would not be voidable by the Trustee. 11 U.S.C. § 1327.

A transfer in the nature of a gift, by definition, is not based upon a contractual obligation. Thus, gifts typically would not be administrable through the Chapter 13 process. 11 U.S.C. § 1322. In the case of a "gift" constituting payment of a claim for postpetition interest for which a debtor has been relieved, however, use of the Chapter 13 process seems wholly appropriate since such claim is based upon an allowed prepetition contractual claim. 11 U.S.C. § 1322(b)(10).

The final question which remains is whether Debtors have sustained their burden of proof that Chapter 13 distribution of a "gift" of postpetition interest to a class of comade debts "fairly discriminates" against other general creditors. *Matter of Drummond,* 17 B.R. 494, B.L.D. ¶ 68592 (Bkrtcy. E.D.Ark.1981); and *In re Hosler,* 12 B.R. 395, 7 B.C.D. 1113, B.L.D. ¶ 68258 (Bkrtcy.S. D.Ohio 1981). It is the opinion of the Court that Debtors have sustained their burden of proof. Debtors propose to pay all creditors the full amount of Debtors' legal obligations. The obvious purpose in assuming the added burden of postpetition interest accruing on Debtors' prepetition comade debt is to protect Comaker from Creditor's efforts to collect the postpetition interest by obviating the possibility of a grant of relief in Adversarial Proceeding 3–81–0711 from the codebtor stay of 11 U.S.C. § 1301. 11 U.S.C. § 1301(a) and (c)(2); *Hansberry, supra.* It is the determination of the Court that the Chapter 13 process may be used to permit payment of postpetition interest for the reasonable purpose of continuing the protection of 11 U.S.C. § 1301 throughout the pendency of a debtor's Chapter 13 administration.

Although the payment of the interest itself is not unfair to general creditors, it would be unfair to allow payment which might delay the ultimate percentage of distribution to general creditors to which a debtor, by definition, is legally obligated. Provision for payment of unsecured postpetition interest by an insolvent debtor in a Chapter 13 plan, therefore, should only be confirmed if provision is made for withholding of the distribution for postpetition interest until other general claims are satisfied.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the instant Plan modification is DISAPPROVED, but that Debtors are GRANTED two weeks leave to amend their Plan conformably with the above reasoning.