**Murrell TURPIN, Plaintiff,**

v.

**William L. MAUPIN, George W. Ledford, Trustee, Defendants.**

**In the Matter of William L. MAUPIN, Debtor.**

**Bankruptcy No. 3–82–02544. Adv. No. 3–82–0624.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 7, 1983.

Stephen E. Klein, Joseph P. Moore, Vandalia, Ohio, for debtor/defendant.

George W. Ledford, Englewood, Ohio, trustee/defendant.

## DECISION AND ORDER

ANDERSON, Bankruptcy Judge.

### PRELIMINARY PROCEDURE

This matter is before the Court upon Complaint filed on 21 September 1982. The

Court considered the matter at a pretrial conference held on 20 October 1982, at which the parties agreed to submit the matter for decision based upon the record without the necessity of hearing. The parties subsequently submitted legal memoranda. The following decision is based upon the parties' memoranda, the record herein, and the record in Debtor's case file, which is judicially noticed herein.

## FINDINGS OF FACT

The pertinent facts are not in controversy. Plaintiff is a judgment creditor in the amount of $8,841.02, based upon a prepetition judgment obtained in the state court. Debtor is jointly and severally liable for the judgment along with a Humberto Ruiz. This judgment is presently being appealed by Debtor and Mr. Ruiz, though the status of the appeal has not been made a part of the record herein.

Debtor is solvent, and possesses unencumbered assets worth over approximately $125,000.00, including real property (presumably Debtor's home) worth approximately $100,000.00. Debtor's only scheduled creditor is Plaintiff.

Both Debtor and Mr. Ruiz have filed in this Court under 11 U.S.C. Chapter 13, and both have proposed Plans providing for "50% payment" of Plaintiff's claim. On 8 September 1982, Debtor also filed a "Declaration of Intention to Avoid [Plaintiff's] Lien Pursuant to [11 U.S.C.] § 522(f)(1)," which provided twenty days for objection.

Plaintiff filed the instant Complaint on 21 September 1982. Plaintiff objects to confirmation of Debtor's Plan and Intention to Avoid Plaintiff's Lien, as follows:

(1) Debtor should not be permitted to avoid Plaintiff's Certificate of Judgment because Plaintiff's judgment does not impair Debtor's exemptions;

(2) Debtor does not propose to pay Plaintiff an amount equal to what Plaintiff would have received had Debtor filed under 11 U.S.C. Chapter 7, citing 11 U.S.C. § 1325(a)(4); and

(3) Debtor's Chapter 13 filing is "frivolous," and, presumably, not in good faith.

Plaintiff also requests that the Court grant Plaintiff relief from stay as permitted under 11 U.S.C. § 362(d).

Debtor responds that Plaintiff, in fact, is to receive full payment if the distributions of Debtor and Mr. Ruiz are aggregated. Debtor further argues that their Chapter 13 filings relieve both Debtor and Mr. Ruiz of continuing liability on accruing postpetition interest because the interest is not contractual in nature, thus distinguishing this Court's opinion in *Household Finance Corp. v. Hansberry,* 20 B.R. 870, 9 B.C.D. 311, 6 C.B.C.2d 1101 (Bkrtcy.1982). Debtor also argues that his Chapter 13 filing was accomplished for the good faith purpose of "saving Debtor's home," and that, "Since [Plaintiff's] judgment ... is being appealed, it would be unconscionable to allow Plaintiff to force a sale of [Debtor's home]. Surely, the Bankruptcy Code and Section 522 does [sic] not permit such an unjust and irreversible result."

## DECISION AND ORDER

### I.

As requested in Plaintiff's Complaint, Debtor's Declaration of Intention to Avoid Plaintiff's Lien is hereby summarily denied. Debtor possesses property, including unencumbered real estate, valued in excess of $100,000.00. Debtor has failed to demonstrate any impairment of Debtor's exemptions, particularly in the real estate, (which is presumably subject to Debtor's homestead exemption of $5,000.00, leaving Debtor with approximately $95,000.00 to satisfy Plaintiff's $8,000.00 claim). 11 U.S.C. § 522(b)(1); O.R.C. §§ 2329.66(A)(1) and 2329.662.

### II.

The basic legal question before the Court is whether a solvent Chapter 13 debtor may propose less than full payment of a duly allowed claim by taking into account payments by third parties on the same claim which, together with Debtor's distributions, aggregate "100% payment." It is the opinion of the Court that a Debtor may not.

11 U.S.C. § 1325(a)(5)(B)(ii) provides that a Chapter 13 plan may not be confirmed unless,

> (5) with respect to each allowed secured claim provided for by the plan—
>
> .   .   .   .   .
>
> (B)(ii) the value, as of the effective date of the plan, of property to be *distributed under the plan* on account of such claim is not less than the allowed amount of such claim. . . . (Emphasis added.)

Thus, for the purpose of measuring the amount to be paid on a secured claim pursuant to 11 U.S.C. § 1325(b)(5)(B)(ii), Court inquiry is limited in the amount paid "under the plan," i.e. those payments actually accomplished through the Chapter 13 administration of "the" single plan in question. It is the opinion of the Court, therefore, that the fact that another Chapter 13 debtor may be under an order of this Court to contribute payments toward the same claim is irrelevant to measuring the amount of required payment under 11 U.S.C. § 1325(a)(5)(B)(ii). Instead, any right of contribution which a debtor may have against a codebtor becomes property of the estate of the debtor, rather than an offset against the underlying claim. 11 U.S.C. § 541; but also note 11 U.S.C. §§ 502(e) and 1301. Otherwise, there would be the very real possibility of prejudice to the secured creditor by dismissal or discharge of one of the Chapter 13 debtors prior to completion of their respective plans. 11 U.S.C. §§ 1307(a) and (c), and 1328(b).

Although it appears undisputed that Plaintiff is fully secured, this result would be identical even if Plaintiff were unsecured. Since Debtor is solvent, Debtor is required to pay the full amount of all unsecured claims, including accruing postpetition interest, because Debtor would have paid the full amount of unsecured claims, including postpetition interest, if Debtor had chosen to liquidate under 11 U.S.C. Chapter 7. 11 U.S.C. §§ 726(a)(5) and 1325(a)(4); *Household Finance Corp. v. Hansberry, supra.* The fact that the interest accruing on the claim is not by contractual obligation but is Court-imposed by virtue of the terms of the state court judg-ment is irrelevant to the validity of the accruing interest as a valid substantive claim against Debtor's estate. 11 U.S.C. §§ 101(4) and 726(a)(5); *Household Finance Corp. v. Hansberry, supra.* In this regard, the Court notes that the record does not indicate a stay of execution of the state court judgment by the state appellate court. The Court reiterates, however, that this determination would only be relevant to the instant case if a portion of Plaintiff's claim were deemed unsecured. 11 U.S.C. § 506. Instead, since it appears undisputed that Plaintiff's claim is oversecured, Plaintiff is entitled to accruing postpetition interest based upon, and in the same priority as, his secured claim. See this Court's opinion in, *Wolohan Lumber Co. v. Robbins,* 21 B.R. 747, B.L.D. ¶ 68,827 (Bkrtcy.1982).

In conclusion, Debtor's proposed Plan is incapable of confirmation because the Plan does not provide for payment in full, including postpetition interest, on Plaintiff's claim, as required by 11 U.S.C. § 1325(a)(5)(B)(ii).

### III.

The final question presented to the Court is whether Debtor's Chapter 13 filing should be dismissed as "frivolous," and thus, presumably, for a lack of good faith. 11 U.S.C. § 1325(a)(3). It is the determination of the Court that it should not be dismissed on this basis.

There is no requirement in the Bankruptcy Code that a debtor (other than a municipality under 11 U.S.C. Chapter 9) be insolvent. 11 U.S.C. §§ 101(12) and 109; *Matter of Gagel & Gagel,* 24 B.R. 671 (Bkrtcy.1982). It is the opinion of the Court that, without more, the fact that the filing of a Petition under Chapter 13 is for the basic purpose of restructuring debt into manageable payments (required to equal or exceed those of a liquidating debtor, 11 U.S.C. § 1325(a)(4)), is irrelevant to the good faith of the debtor, which instead should be demonstrated by evidence *aliunde* indicating the debtor's bad faith intent and purpose in filing under Chapter 13. See this Court's opinions in *Matter of Berry,* 5

B.R. 515, 6 B.C.D. 649, 2 C.B.C.2d 663 (Bkrtcy.1980); *Matter of Wourms,* 14 B.R. 169 (Bkrtcy.1981); and *State of Ohio, Ohio Student Loan Commission v. Willis,* 24 B.R. 293, 9 B.C.D. 1252 (Bkrtcy.1982).

In this case there is no evidence *aliunde* of a bad faith purpose. Although Debtor possesses considerable assets, Debtor's income is modest (scheduled as $5,000.00 "for the last calendar year," and as "$270.00 net weekly income" for the present year). Ostensibly, Debtor is merely attempting to restructure the payment of Plaintiff's Certificate of Judgment to avoid risking the loss of Debtor's home. Debtor appears to have the *bona fide* intention of payment of Plaintiff's claim (subject to its affirmation on appeal), and there is no evidence of record to the contrary.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Debtor's Declaration of Intention to Avoid Plaintiff's Lien is DENIED.

IT IS FURTHER ORDERED that confirmation of Debtor's proposed Plan is DENIED.

IT IS FURTHER ORDERED that Debtor is GRANTED TWO WEEKS LEAVE to file a new proposed Plan to provide for payment in full of Plaintiff's claim, including postpetition interest, conformably with the reasoning herein.

IT IS FURTHER ORDERED that Plaintiff's request for relief from stay is DENIED for failure to sustain Plaintiff's burden of proof under 11 U.S.C. § 362(g)(1), and for failure to demonstrate "cause for relief" under 11 U.S.C. § 362(d)(1).