In re Dwight A. STEELE and Phelan B. Steele, Debtors.

Dwight A. STEELE and Phelan B. Steele, Plaintiffs,

v.

MORTGAGE CORPORATION OF THE SOUTH, Defendant.

Bankruptcy No. 83–00616.
Adv. No. 83–0288.

United States Bankruptcy Court,
M.D. Alabama.

Sept. 14, 1983.

Karen N. Knight, Montgomery, Ala., for plaintiff.

Edward J. Azar, Montgomery, Ala., for defendant.

## MEMORANDUM OPINION

LEON J. HOPPER, Bankruptcy Judge.

These debtors, husband and wife, filed a prior Chapter 13 petition under the Bankruptcy Code in 1981. Their plan was duly confirmed and during the pendency of that case, in March 1982, the debtors purchased a home and gave a mortgage thereon to Mortgage Corporation of the South (South), Birmingham, Alabama, under the terms of which they committed themselves to a monthly payment of $451.53. This purchase was not revealed to the court, the Trustee of Debtor Cases or counsel for the debtors. The Steeles failed to make several of these mortgage payments and on February 16, 1983, South filed an adversary proceeding seeking the lifting of the automatic stay in order to institute foreclosure proceedings. The matter was heard March 9, 1983. The debtors were present together with their counsel and the court directed them to bring the mortgage arrearage current within 60 days. At that date the debtors' plan was nearing completion and it was noted and the debtors were informed that the stay could be lifted by operation of law under Section 362(c)(2)(A) should the case be closed prior to the expiration of the 60 days granted. The case was not closed dur-

ing the extension granted and the court, being informed that the debtors had not brought the mortgage payments current, entered an order on May 17, 1983, lifting the automatic stay as to the plaintiff South, granting it the right to foreclose its mortgage.

In the meantime, the debtors sought and obtained new counsel who was not aware of their pending case and on May 5, 1983, filed the above styled Chapter 13 case for the Steeles. A hearing on confirmation of the debtors' plan in the present case was held May 31, 1983. On June 17, 1983, the debtors filed a complaint for injunctive relief, seemingly to obtain from this court a decision whether it would enforce the automatic stay in the new case as to South. The consideration of the confirmation of the case and the complaint for injunctive relief are, for the purposes of this opinion, consolidated.

It would appear at first glance that the issue of the right of South to proceed to foreclose this mortgage could be decided by invoking the rule of res judicata and determining by its standards whether the matter has been adjudged.

However, the court elects to decide the case on the broader ground of whether this second filing, which was admittedly done for the purpose of staving off foreclosure by South and paying the mortgage arrearages as provided by Section 1322 of the Bankruptcy Code under a new plan, was done in good faith, a requisite for confirmation provided by Section 1325(a)(3) of the Code.

■ The Court of Appeals for the Eleventh Circuit in *In Re Kitchens,* 702 F.2d 885 (1983), has set the guidelines to be used in determining whether a plan is proposed in good faith and stated therein that judgments should be made on a case by case basis.

■ In *Kitchens,* supra, the court stated one of the criteria to be the "motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13." Here, the motive is clear and admitted. The debt-

ors hoped to stay foreclosure on their home and pay the substantial arrearage to South through their plan. The other debts owed by them are not significant and could be paid as they mature absent the benefit of a Chapter 13 plan. This is not unexpected as the debtors have just completed their prior Chapter 13 plan which presumably achieved their rehabilitation with the exception of the South mortgage debt. It should be noted here that the filing of a Chapter 13 petition by a debtor to prevent foreclosure on his home is not in itself sufficient to support a finding of bad faith. *Turpin v. Maupin,* 26 B.R. 987 (Bkrtcy.S.D.Ohio, 1983).

In considering the sincerity of the debtors in filing a new case and proposing this plan, the court must necessarily consider the benefits and opportunity given them in the prior Chapter 13 case. In that case the automatic stay protected the debtors from any foreclosure action by South from the date of the purchase of the property until the date the stay was lifted after the debtors failed to take advantage of the moratorium granted by the court. Further, the debtors acted improvidently in committing themselves to a substantial mortgage payment while attempting to pay their debts under their plan in the prior case. It does not appear of record than any attempt to pay the arrearage was made but rather that the debtors sought new counsel who had no knowledge of the prior case or the moratorium granted by the court for the reason that the debtors did not reveal these facts to her.

In order for the court to confirm this plan and stay the mortgage holder for any greater period of time, it would necessarily have to find that the above facts do not constitute an abuse of the spirit and intended purposes of Chapter 13. Such a finding cannot be supported and the court concludes that this case and plan were not filed in good faith.

■ Where the court finds that a petition and plan are not filed in good faith, confirmation may be denied and the case dismissed, irrespective of whether any objec-

tion or motion is filed directed to this requirement. *Matter of Mallard Associates,* 463 F.Supp. 1259 (D.C.N.Y.,1979).

An order in conformance herewith will be entered this date.