**In re Alice M. BOEHM, Debtor.**

**Bankruptcy No. 95 B 51906.**

United States Bankruptcy Court,
N.D. Illinois,
Western Division.

Oct. 29, 1996.

---

**29.** The bankruptcy court found that L & S was

not controlled by Julien.

**100**

Paul M. Orenic, Oakbrook Terrace, IL, for Edward L. Smith.

William L. Balstey, Loves Park, IL, for Alice Boehm.

Lydia S. Meyer, Trustee.

### MEMORANDUM OPINION AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter came before the Court for oral arguments on October 24, 1996, on the Motion of the Chapter 13 Trustee ("Trustee"), Lydia S. Meyer, for Entry of Order Determining Whether Interest Should be Paid on Unsecured Claim.

### FACTS

The Debtor filed for relief under Chapter 13 of the Bankruptcy Code ("Code") on October 20, 1995. The Debtor's Chapter 13 plan proposes monthly payments of $325.00 for 60 months, and provides for a 100% dividend to unsecured creditors. The Debtor's schedules include unencumbered real estate with a value of $35,000.00. An order confirming the Debtor's Chapter 13 plan was entered on November 8, 1995.

On October 30, 1995, the Creditor filed a proof of claim for $19,154.53, including post-petition interest of $2,774.69.[1] The proof of claim was based on a note that called for interest at the rate of 11% per annum.

The Trustee's Motion to Allow Claims, filed on March 19, 1996, indicated that the Creditor's claim was allowed in the sum of $16,478.89. That amount represents the principal balance plus interest to the date of filing, but does not include post-petition interest. The Creditor has the only proof of claim on file, and the time for filing proofs of claim has expired. It is, therefore, a one on one Chapter 13: One debtor versus one creditor![2]

### THE QUESTION

The question is whether the Creditor is entitled to post-petition interest on its unsecured claim. The parties agree that if this were a liquidation under Chapter 7, the Creditor would receive a larger dividend than the Chapter 13 plan here proposes, i.e., more than the principal balance plus interest accrued as of the date of filing. Moreover, the receipt of that larger dividend would take place within, say, one year, rather than over the life of the plan.

### DISCUSSION

■ Unsecured claim amounts are fixed as of the date of the debtor's voluntary petition. An allowable unsecured claim generally includes the principal balance and interest accrued as of the date of filing. King et al,

---

1. The Creditor's Proof of Claim states that the post-petition interest was calculated by amortizing the balance due of $11,297.15 ($10,000 (principal) + 360.15 (costs) + 937 (attorney's fees)) over 60 months (length of plan) at 9.0% per annum (legal rate).

2. Cynics might be tempted to suggest that the sole purpose in filing this Chapter 13 is to termi-

nate liability for the continuing accrual of interest on the note. If so, the concept of good faith comes into play. While no other visible benefit to the Debtor is apparent, the challenge to good faith, on the filing of the case or in proposing the plan, was never raised by the Creditor. *Matter of Love,* 957 F.2d 1350 (7th Cir.1992).

*Collier on Bankruptcy,* § 502.02[2] (15th ed. 1996).

■ Section 502(b)(2) disallows claims for unmatured interest. *See* 11 U.S.C. § 502(b)(2). As a general proposition, Section 502(b)(2) precludes the allowance of claims for post-petition interest on unsecured debt. *In re Christian,* 25 B.R. 438, 438 (Bankr.D.N.M.1982). The Eighth Circuit has considered this general proposition a "rule of administrative convenience and fairness to all creditors." *In re Hanna,* 872 F.2d 829, 830 (8th Cir.1989).

Courts recognize two exceptions to the general rule of Section 502(b). If the creditor is oversecured, Section 506(b) permits the payment of post-petition interest. 11 U.S.C. § 506(b); *see also Matter of Fesco Plastics Corp., Inc.,* 996 F.2d 152, 156 (7th Cir.1993) (citing *United Savings Ass'n v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 372–73, 108 S.Ct. 626, 630–32, 98 L.Ed.2d 740 (1988)). The other exception allows for post-petition interest when the debtor is solvent. 11 U.S.C. § 726(a)(5); *see also Fesco Plastics,* 996 F.2d at 155 (citing *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 246, 109 S.Ct. 1026, 1033, 103 L.Ed.2d 290 (1989)); *In re Huang,* 192 B.R. 184, 187 (Bankr.N.D.Ill.1996) (citing *In re Busman,* 5 B.R. 332, 336 (Bankr.E.D.N.Y.1980)). No distinction is made between unsecured claims that are based on a contract providing for the payment of interest, and those that are not.

The Local Bankruptcy Rules for the Northern District of Illinois refer to the second exception in Rule 700 which states:

Rule 700. SURPLUS ESTATES

Should assets in any Chapter 7 proceeding be more than sufficient to pay 100% of all creditor claims and administration claims as provided in § 726(a)(1–4) of the Bankruptcy Code, then the Chapter 7 trustee is responsible for payment of interest as provided in § 726(a)(5).

Local Rule Bankr. 700 (1995).

\* \* \* \* \* \*

■ The Creditor's reliance on the *Huang* case is well-placed. In *Huang,* the court found the debtor's Chapter 13 estate to be solvent. The court concluded that:

Section 1325(a)(4) of the Code requires that for a Plan to be confirmable in Chapter 13, unsecured creditors are to get no less than what they would have obtained if the estate were liquidated. In this case, were Huang's estate to be liquidated in a Chapter 7 proceeding, the Bank would receive 100% of its claim plus interest.

*Huang,* 192 B.R. at 187; *see also Household Finance Corp. v. Hansberry,* 20 B.R. 870, 872 (Bankr.S.D.Ohio 1982) (court found that a Chapter 13 plan may properly provide for any payment which could be accomplished by a liquidating creditor under Chapter 7).

Here, the Debtor owns an unencumbered residence worth approximately $35,000. The only filed claim in the bankruptcy is the Creditor's claim, which if it included post-petition interest would total $19,254.53. There is no doubt that if the Debtor's estate were liquidated under Chapter 7 the Creditor would receive 100% of its claim plus interest. *See e.g., Hansberry,* 20 B.R. at 872.

The Debtor concedes that if the reasoning of *Huang* is adopted, payment of post-petition interest should be allowed under the facts here. The Debtor, however, identifies the *Huang* reasoning as a minority position among the courts. The Debtor argues that the general practice is that post-petition interest is not paid in Chapter 13 cases for reasons of administrative simplicity and fairness. *See e.g. Hanna,* 872 F.2d at 831.[3] Furthermore, the Debtor envisions future trouble for the Chapter 13 Trustee if post-petition interest is allowed. Treatment of borderline cases, concepts of partial interest payments, and unsecured creditor discrimination are concerns articulated by the Debtor.

The policy arguments raised by the Debtor are not persuasive. This case is not borderline, and the issue of partial interest is irrelevant. To iterate, the Debtor owns an unencumbered residence worth approximately

**3.** Although the *Hanna* court notes the rule of administrative convenience and fairness, it recognizes the "surplus" exception if the debtor ultimately proves to be solvent. *Hanna,* 872 F.2d at 831.

$35,000. Under the Chapter 7 liquidation analysis, the Creditor would receive post-petition interest, and the Debtor would receive a distribution of the surplus. *See* 11 U.S.C. § 726(a)(6).

The Court notes that the issues here were raised post-confirmation. Based on the chronology of crucial events, including the date of confirmation, the date the Creditor's proof of claim was filed, and the date of the Trustee's Motion to Allow Claim, the Court finds that the Creditor was diligent in raising an objection to the treatment of its claim by the Chapter 13 Trustee.

As an aside, the interpretation of the Debtor's proposal to pay 100% on unsecured claims might give rise to an interesting debate. Does 100%, under circumstances where the Chapter 7 liquidation analysis would enable the unsecured creditors to receive post-petition interest, contemplate the principal balance, plus interest accrued to the date of filing, *PLUS* post-petition interest? Blissfully, it is not necessary to engage in the debate here.

The Court concludes that post-petition interest should be paid on this unsecured claim, in accordance with the proof of claim filed by Edward L. Smith.

IT IS SO ORDERED.